D. S. CARLTON, AS SHERIFF, *Plaintiff in Error,* v. PETER JOHNSON, FRANK WALLROUS, N. M. SYKES AND W. W. SYKES, *Defendants in Error.*

1. Where a writ of error is taken in a *habeas corpus* case, the appellate court acquires jurisdiction over the person of the defendant in error only by the proper service of a writ of *scire facias ad audiendum errores,* or by a waiver or voluntary appearance in such court.

2.    Where a writ of error has been duly issued to review a *habeas corpus* proceeding and a *scire facias* has been served on one of the defendants in error, the appellate court may issue another *scire facias* to be served on all the defendants in error returnable within a reasonable time to be fixed by the court.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Guy Gillen,* for Plaintiff in Error;

*Frank W. Pope,* for Defendants in Error.

WHITFIELD, C. J.—The defendants in error were on a writ of *habeas corpus* before the Circuit Judge discharged from the custody of the sheriff by whom they were held under a capias issued upon an information filed in the County Court for St. Lucie County. A writ of error was allowed by the Circuit Judge under section 2257 Gen. Stats. and was taken in the name of the Sheriff and made returnable to this court on April 11th, 1911. A *scire facias* issued in the cause was served only on W. W. Sykes, one of the defendants in error.

A motion is made to quash the writ of error and to strike the transcript of the record from the files here upon the ground, among others, that no *scire facias* or notice has been served in accordance with law.

Where a writ of error is taken in a *habeas corpus* case, the appellate court acquires jurisdiction over the person of the defendant in error only by the proper service of a writ of *scire facias ad audiendum errores,* or by a waiver

or voluntary appearance in such court. Belch v. Manning, 55 Fla., 229, 46 South. Rep., 91; Hardee v. Brown, 56 Fla., 377, text 381, 47 South. Rep., 834; Moeller v. Stocker, 61 Fla.,    , 54 South. Rep., 591. The practice as to giving the required notice is within the discretion of the court. Tyler v. Painter, 16 Fla. 144. See also section 11, Art. 3 of the Constitution, as to the power of the Supreme Court to issue "all writs necessary or proper to the complete exercise of its jurisdiction."

The writ of error transferred the cause to this court, but only one of the defendants in error has been served with a *scire facias*. The *habeas corpus* proceeding involves the validity of statutes regulating the right to fish in the public waters of the State, and the Attorney General acting for the State has, in view of the interest and rights of the public in premises, made a motion that a *scire facias* be issued and served in this cause so as to bring all the defendants in error into this court. Therefore the Clerk of this court will issue a *scire facias* to be served by the sheriff of this court by deputy on all the defendants in error, the *scire facias* to be made returnable Thursday, May 25th, 1911.

It is so ordered.

All concur.