J. S. RICHARDSON, *Appellant,* v. W. C. GAITHER, *et al.,
Appellees.*

Opinion filed July 9, 1915.
Petition for re-hearing denied October 20, 1915.

Where the parties complainant in an equity proceeding have a common interest in the subject of the litigation and have some relation to each other growing out of the common interest, and the allegations are of a single distinct equity as to which a specific relief is prayed against some of the defendants, the bill of complaint is not multifarious.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*H. S. Hampton* and *Hampton & Hampton,* for Appellant;

*E. J. Binford, Lunsford & Shackleford, Sparkman & Carter; M. S. Phillips* and *Borchardt & Borchardt,* for Appellees.

10

WHITFIELD, J.—The amended bill of complaint herein
filed by J. S. Richardson alleges that on December 26,
1910, the defendants W. C. Gaither and G. A. Hender-
son, being indebted to complainant for the purchase price
of described land, executed a mortgage upon the prop-
erty to the defendant Swann & Holtsinger Company,
a corporation, to secure a note for $108.660.32 made to
said corporation; that on September 26, 1912, the said
Swann & Holtsinger Company without complainant's
knowledge, duly assigned and delivered the mortgage
and the indebtedness secured thereby *pro tanto* to the de-
fendant A. R. Swann, as collateral security for the pay-
ment of $50,000.00; that on April 20, 1908, complainant
conveyed the property to Eugene Holtsinger, it being
distinctly understood between the parties thereto that
the conveyance was a mortgage and was made to secure
the payment of an indebtedness of complainant to Eu-
gene Holtsinger; that since said time the complainant
has paid said indebtedness to Holtsinger; that on Decem-
ber 26, 1910, Eugene Holtsinger and wife, by direction
of complainant conveyed the land to G. A. Henderson and
Monroe C. Gaither; that default has been made under
the mortgage; that all of the foregoing facts were well
known to the said A. R. Swann at the time of his ac-
ceptance of an assignment of the mortgage as herein-
after stated, which said mortgage sought to be fore-
closed herein was part consideration for the conveyance
by Eugene Holtsinger and wife, representing complain-
ant, to the said Gaither and Henderson; that the assign-
ment *pro tanto* of said mortgage was made by Swann
& Holtsinger to A. R. Swann in violation of the rights of
complainant; that the rights of A. R. Swann by virtue
of the foregoing premises should be held inferior to the
rights of complainant, as complainant is not indebted

to said A. R. Swann and Interstate Investment Company in any sum whatsoever; that on September 26, 1912, the Swann & Holtsinger Company made an alleged assignment of the indebtedness represented by said mortgage to the extent of $50,000.00 to A. R. Swann and subsequently A. R. Swann assigned his interest in said indebtedness to the defendant Interstate Investment Company, the said assignment being made in each instance as collateral security for indebtedness, and the said Interstate Investment Company now holds the notes represented by said mortgage as collateral security; that the said assignment by Swann & Holtsinger Company to A. R. Swann was fraudulent as to complainant and was accepted by A. R. Swann with full knowledge that said mortgage indebtedness was and is the property of complainant, and said assignment by Swann to the Interstate Investment Company was accepted with full knowledge that complainant claimed the right and title to said indebtedness and mortgage; that the assignment to A. R. Swann above referred to was made without the actual knowledge of complainant; that upon subsequently discovering the same, demand was made upon Swann & Holtsinger Company for the return of said property, and on July 2, 1913, Swann & Holtsinger Company assigned and transferred to complainant the mortgage described in this bill and the indebtedness secured thereby, save and except $50,000.00 of said indebtedness which complainant was informed at said time it was unable to procure and re-assign, owing to having pledged the same to A. R. Swann as collateral security without the knowledge of complainant; that all the indebtedness due by complainant to Eugene Holtsinger or Swann & Holtsinger Company has been fully paid and discharged, and complainant is not indebted to the defendants or either

of them in any sum whatsoever; that there is now due and owing by virtue of said note and mortgage the sum of $108,660.32 for principal and interest, which said sum is due complainant together with costs, &c., which said sum, although payment thereof has been demanded, payment thereof has been refused, wherefore the mortgage should be enforced subject, however, to an equity of redemption in the said defendants W. C. Gaither and M. C. Gaither, his wife, and G. A. Henderson and C. E. Henderson, his wife, their heirs and assigns; that other named defendants have or claim to have some interest in the property, the exact nature of which is unknown to complainant, but said interest, if any exists, is subordinate to the claim of complainant; that the defendant W. C. Gaither and the defendant G. A. Henderson are insolvent, and complainant does not believe that the property described in this bill of complaint will pay off and discharge the entire amount of indebtedness due herein with costs and attorney's fees, and owing to the insolvency of the said defendants W. C. Gaither and G. A. Henderson, they will be unable to answer and discharge any deficiency decree; that although the said defendants have agreed several times to vacate said premises, as they realize they cannot pay said mortgage indebtedness, yet they now refuse so to do, and it is necessary that a receiver be appointed by this court to receive divers and sundry rents, issues and profits which the said defendants are now daily collecting out of said property, and refuse to turn over to your orator.

The prayer is for an accounting as to how much is due and owing to complainant by virtue of the mortgage indebtedness and note, and that upon such accounting the defendants Gaither and Henderson be decreed to pay, and in default that the premises be sold, the proceeds

to be applied to the payment of the indebtedness due complainant by virtue of the note, and the overplus, if any, be credited on the note as security held by the Interstate Investment Company; that complainant's right, title and interest in the mortgage and the indebtedness be decreed to be superior to the claims of A. R. Swann and the Interstate Investment Company and that A. R. Swann and the Interstate Investment Company be decreed to hold the assignment *pro tanto* of said mortgage and note as trustee for complainant until the satisfaction of complainants claim, &c., and for general relief, and for a receiver.

The defendants filed a joint and several demurrer the essential grounds of which are that no cause for equitable relief is shown; that the bill of complaint is vague, indefinite and uncertain, and is multifarious as to parties and as to subject-matter. The demurrer was sustained, and the bill dismissed. On appeal taken by the complainant it is contended that the court erred in sustaining the demurrer, and also in dismissing the bill of complaint.

While the allegations of the bill are not entirely clear and definite, it is in effect alleged that the title to the property was in the complainant; that complainant conveyed the land to Eugene Holtsinger, but to be a mortgage to secure a debt; that the title was at complainant's request conveyed by Eugene Holtsinger to Gaither and Henderson who executed a mortgage thereon to secure a purchase money note for $108,660.32 given to Swann & Holtsinger Company for the complainant; that Swann & Holtsinger Company assigned the note to A. R. Swann as collateral for a debt of $50,000.00; that A. R. Swann assigned his interest in the note to the Interstate Investment Company as collateral security; that the

assignment to A. R. Swann and to the Interstate Invest-ment Company were each fraudulent as to complainant, and were accepted with full knowledge that the mortgage indebtedness was and is the property of complainant; that said assignments were accepted with full knowledge that complainant claimed the right and title to said in-debtedness and mortgage; that the complainant's indebt-edness to Eugene Holtsinger and to Swann & Holtsinger Company has been fully paid and that complainant owes nothing to any of the defendants. If these allegations are proven, the complainant would be entitled to appro-priate equitable relief. The object of the suit is single, though the relief sought against the defendants is not the same, owing to the facts and circumstances growing out of the main transaction—the incurring of a purchase money mortgage debt due to the complainant by some of the defendants.

Where the parties complainant in an equity proceed-ing have a common interest in the subject of the litiga-tion and have some relation to each other growing out of the common interest, and the allegations are of a single distinct equity as to which a specific relief is prayed against some of the defendants, the bill of complaint is not multifarious. Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 South. Rep. 598.

The right of the complainant to maintain the suit ap-pears from the allegations admitted by the demurrer.

The decree is reversed.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

SHACKLEFORD, J., took no part.