JOHN JONES, WILLIE JONES AND JOHN BARNES, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

## Division A.

## Opinion Filed March 28, 1927.

1. Sections 20 and 21 of Article III of the State Constitution do not prevent the Legislature from enacting special or local laws for the protection of fish or game in this State and by valid general law prescribing penalties for violations of such special or local laws.

2. Where the title to an Act sufficiently describes the subject matter and territory affected thereby, the interpolation therein of an ambiguous and unnecessary descriptive phrase does not destroy the plain intent and sufficiency of the designa-

tion already made, and hence may be treated as mere surplusage. Applying this principle, the title to Chapter 10635 of the Laws of 1925 held valid.

3. The mere fact that the title of an Act is somewhat broader in its scope than the provisions in the body of the Act does not render the Act unconstitutional, the subject of the Act being expressed by the title and the rule. being that if the title fairly gives notice of the subject of the Act, so as to reasonably lead to an inquiry into the body thereof, it is sufficient.

4. An Act to regulate fishing in Old Tampa Bay north of the Gandy Bridge, will be applied to all of Old Tampa Bay north of said bridge, though some portions of it widen out so as to be outside of lines drawn due north from either end of said bridge. The language of an Act will not be given such a narrow and literal interpretation as to defeat its plain purpose.

A Writ of Error to the Circuit Court for Pinellas County; L. L. Parks, Judge.

Affirmed.

*J. M. Cathcart* and *B. A. Gregory*, Attorneys for Plaintiffs in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant, for the State.

BROWN, J.—Plaintiffs in error were convicted in the County Court of Pinellas County upon an information filed by the prosecuting attorney for said county, charging that on a certain date they did "unlawfully fish in Old Tampa Bay for the purpose of catching fish in said bay, north of Gandy Bridge, with a gill net, contrary to the form of the statute in such cases made and provided," etc. Upon

*habeas corpus* proceedings before the Circuit Judge, plaintiffs in error were remanded to custody, whereupon they took writ of error to this Court.

The question involved is the validity of the statute, Chapter 10635 of the Laws of Florida, for the violation of which they were convicted. It was admitted by plaintiffs in error upon the trial in the County Court that they were fishing with a gill net at a point in Old Tampa Bay one mile directly south of the extremity of Cooper's Point, which is in Pinellas County, and located in a northwesterly direction from all parts of Gandy Bridge.

The Court will take judicial knowledge of the fact that the Gandy Bridge crosses Old Tampa Bay at a point where said bay is from five to six miles wide, and that the bay widens out and extends from that point in a northerly and northwesterly direction, and that the point where the plaintiffs in error were fishing was not directly due north of said bridge.

It is contended that this statute is a local law, and violative of Sections 20 and 21, Article III of the Constitution, which provides that the Legislature shall not pass special or local laws for the punishment of crime or misdemeanor. It has, however, been held by this Court that these organic provisions do not prevent the Legislature from enacting special or local laws within its discretion for the protection of fish or game in this State, and that the Legislature may by valid general laws prescribe punishments and penalties for violations of such special or local laws. Snowden v. Brown, 60 Fla. 212, 53 So. 548; Harper v. Galloway, 58 Fla. 255, 51 So. 226; Carlton v. Johnson, 61 Fla. 13, 55 So. 79; State *ex rel.* v. Bryan, 99 So. 327; Stinson v. State, 63 Fla. 42, 58 So. 722. Section 1 of Chapter 10635 declares certain acts to be unlawful, and the general law attaches the penalty thereto, so that if Section 2 of the Act should

be eliminated as being in conflict with the quoted provisions of the Constitution, the punishment inflicted upon the plaintiffs in error was lawfully authorized under the general law, Section 5005, Revised General Statutes.

It is next insisted that the statute is rendered nugatory because the title limits the operation of the Act to that part of the old bay situated between the Counties of Hillsborough and Pinellas, whereas, as a matter of fact, the boundary line between these counties runs through the waters of the bay and, therefore, no part of the bay lies between such counties. The title of the Act reads as follows: ''An Act to Regulate Fishing in Old Tampa Bay and all the Tributaries Thereof North of the Gandy Bridge, said Bay Situated Between the Counties of Hillsborough and Pinellas, and to Provide Punishment for the Violation of this Act.'' The body of the Act prohibits the use of gill nets, etc., for the purpose of catching fish in Old Tampa Bay north of the Gandy Bridge, or any creek or bayou emptying into said bay, or the use of any apparatus or device other than an ordinary cast-net or hook and line. The title would have been sufficient if it had merely read: ''An Act to Regulate Fishing in Old Tampa Bay and all the Tributaries Thereof North of the Gandy Bridge.'' Old Tampa Bay is a definite and well known body of water, and the interpolation of the ambiguous descriptive phrase above pointed out, does not destroy the plain intent of such title, and hence does not invalidate the title, or the Act. What the Legislature probably intended to say was, ''said bay being situated between the mainland of the Counties of Hillsborough and Pinellas,'' but geographically speaking the designation of the body of water as ''Old Tampa Bay and all the tributaries thereof north of the Gandy Bridge,'' was sufficiently definite without the aid of any further descriptive phrase. To give the added descriptive phrase a literal and technical

interpretation would fly in the face of the plain meaning and intention of the entire Act. It will, therefore, be treated as superfluous and ineffectual; hence, mere surplusage. This is justified by the rule that the Court should indulge all reasonable intendments and presumptions in favor of the plain intent and validity of legislation when logically possible to do so.

Finally, it is insisted that the Act only applies to those waters of Old Tampa Bay which lie directly and due north of the Gandy Bridge, whereas the place where the plaintiffs in error were fishing was northwesterly from the bridge though admittedly in the waters of Old Tampa Bay and north of a line drawn east and west from the Gandy Bridge. As it is a geographical fact that Old Tampa Bay becomes wider as it goes north from the bridge, to say that the statute was intended to apply only to the waters of the bay lying between imaginary straight lines drawn north from the east and west approaches of the bridge would be to give such a narrow and literal translation of the statute as to defeat the plain and obvious intention of the Legislature. The place where the fishing was done was in a part of the bay which lay further north than the Gandy Bridge, and within the sense of the words as used by the Legislature such place was north of the bridge. In spite of the defects complained of, the plain intent and purpose of this Act is manifest, and the mere fact that the title is somewhat broader in its scope than the body of the Act, in certain minor respects, does not change the fact that the subject of the Act is expressed in the valid portion of the title, the validity of which title is not destroyed merely because it contains an unnecessary and ambiguous phrase. As was pointed out in the opinion of County Judge Byrd, rendered in connection with his judgment, this Court has held that, "If the title of an Act fairly gives notice of the subject of

the Act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary.'' State v. Vestal, 81 Fla. 625, 88 So. 477.

The final order of the Circuit Judge remanding the plaintiffs in error to the custody of the sheriff of Pinellas County is therefore affirmed.

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.