This is an appeal by trustees of county bonds from an adverse ruling on demurrers and order appointing receivers.
The suit is brought by W. V. Knott, as Treasurer of the State of Florida; Citrus County Florida; J. K. Kelley as Chairman and J. A. Perryman, L. C. Yeomans, W. R. Levins and Burton Gilbert, as the remaining members of, and together constituting the Board of County Commissioners of Citrus County, Florida; against G. I. Singleton, W. H. Edwards and I. O. Fender, individually and as trustees; also against Royal Indemnity Company, a corporation, certain named banks and bank receivers and against Ernest Amos, as Comptroller of the State of Florida.
The sworn bill of complaint as amended sets forth issuance and sale of Citrus County bonds for road and bridge purposes, appointment and qualification of trustees under existing applicable statutes, receipt by trustees of proceeds of bonds and other money provided for a sinking fund and avers there has been a misappropriation and conversion in part of the bond money and sinking fund by trustees. See Royal Indemnity Company v. W. V. Knott as Treasurer and others, decided at this term, being an appeal herein from an order of the court below overruling the demurrer of the Royal Indemnity Company to the amended bill of complaint.
Two receivers were appointed; one to receive and collect the securities delivered by the trustee to the Board of County Commissioners and the other to take over from the trustees and hold all books of account, minutes, records and vouchers in their possession relating to bonds issued and sold pursuant to the provisions *Page 1080 
of Chapter 11451, Laws of Florida, with directions to the receiver as to the care and preservation of such records and with the right to all parties to this suit to examine such reports and make excerpts therefrom. Appellants demurred to the bill of complaint on identical grounds. These demurrers were overruled. This appeal is from the order appointing the receivers and from the order overruling the demurrers interposed by appellant trustees to the bill as amended.
It is contended the court erred in appointing a receiver to receive and collect the securities given to the trustees to secure deposits in the two banking institutions named as defendants. The bill avers these securities, upon demand, were turned over by the trustees to the county commissioners; that these banks are insolvent and in the hands of a receiver and the State Banking Department; that the securities are of less value than the amount of deposits for which they were given to secure; that the County Commissioners are without authority to enforce collection thereof and said securities are of such nature that they will depreciate and become in part worthless if immediate steps are not taken by a receiver or some authorized person to reduce the same to their monetary value.
It is also contended that the court below erred in appointing a receiver of the books, accounts and vouchers of the trustees relating to the handling of, and the disbursements by them made of, the proceeds of the bonds sold and the sinking fund by them received.
Chapter 13949, Laws of Florida, 1929, abolished the office of bond trustees held by appellants. The bill alleges that trustees are guilty of misappropriation and mismanagement of the trust fund; that they failed to *Page 1081 
account as required by statutes; that some of the books, records and vouchers in which their accounts were kept have been lost or destroyed and that the proper preservation of these records is necessary for final ascertainment of the amount due the county by said trustees. The court below in its order appointing the receiver for these books, accounts and vouchers carefully directed the safe keeping of these records in a vault and in such order provided that the right of access of the trustees to such records might continue and that they might make excerpts therefrom.
The appointment of a receiver rests largely in the discretion of the Court. Armour Fertilizer Works v. First Nat. Bank,87 Fla. 436, 100 So. 362; Frisbee v. Timanus, 12 Fla. 300; Lehman v. Trust Co. of America, 57 Fla. 473, 49 So. 502; Mirror Lake Co. v. Kirk Securities Corp., 98 Fla. 946, 124 So. 719; Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987,128 So. 241.
It appears the receivers were appointed after notice and hearing had and no abuse of discretion has been made to appear.
It is contended that Chapter 13949, Laws of Florida, 1929, entitled
 "An Act Relating to County and District Bonds; Prescribing the duties of the State Treasurer in Relation Thereto; and Abolishing the Office of Bond Trustees in Citrus County, Florida,"
violates Section 16 of Article III., of the Constitution requiring the subject of an act to "be briefly expressed in the title."
Section 1 of Chapter 13949, provides for the registration of all county bonds of Citrus County; section 2 provides that the State Treasurer shall keep an accurate *Page 1082 
account of all such bonds, and that the State Treasurer, when requested by the county or taxing districts as the case may be, as well as of a citizen, shall furnish such information in regard thereto as may be desired on payment of costs of furnishing same; section 3 provides for the payment of tax money applicable to such bonds directly to the State Treasurer and directs the State Treasurer as to the disposition of such surplus funds; section 4 provides that the State Treasurer shall perform such other duties in relation to the said bonds as are required to be performed by the bond trustees under existing laws; section 5 abolishes the board of bond trustees of Citrus County, Florida, and directs all such trustees to render to the State Treasurer a complete report of all bonds for which they are trustee, giving the date of issue, of maturity, denomination of bonds and the amount unpaid thereon, both principal and interest, and shall remit to the State Treasurer all funds in their hands, with an itemized statement showing the amount held for interest and sinking funds and shall file with the Board of County Commissioners of said county * * * a duplicate of such statement; section 6 provides that the State Treasurer shall receive no additional or special compensation for the services required of him under this act, but the additional clerk hire (if any) and actual costs of the office made necessary in the due performance of his duties imposed by this act shall be prorated against and paid out of the funds handled by him under the provisions of said act; and lastly section 7 provides that the State Treasurer is made ex officio county treasurer of Citrus County and shall make all needful rules etc; section 8 provides that this act shall apply to Citrus County only. *Page 1083 
If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary. Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 So. 771, 776; State v. Vestel, 81 Fla., 625, 88 So. 447; Jones v. State, 93 Fla. 603,112 So. 556; Bannerman v. Catts, 80 Fla. 170, 85 So. 336; State v. Daniel, 87 Fla. 270, 99 So. 804; County Commissioners Duval County v. Jacksonville, 36 Fla. 196, 18 So. 339, 29 L. R. A. 416.
The title need not attempt to index the contents of the act. Jackson Lumber Co. v. Walton County, supra.
All matters in the body of the act here in question are fairly referable to and are not inconsistent with the title and the act does not violate the constitutional provision requiring the subject of an act to be briefly expressed in the title.
It is also contended that Chapter 13949, Acts of 1929, violates Section 20 of Article III., of the Constitution in that it is a special act and in that it seeks to regulate the duties of the State Treasurer.
Section 24 of Article III., of the Constitution clearly permits the Legislature to pass special laws as to county government. Kroegel v. Whyte, 62 Fla. 527, 56 So. 498; State v. Daniel, 87 Fla. 270, 99 So. 804, 810.
The duties of the State Treasurer as defined by Section 24 of Article IV., of the Constitution of Florida, do not exclude other duties that may be imposed by law. Whitaker v. Parsons,80 Fla. 352, 86 So. 247.
It is contended that Chapter 13956, Laws of Florida, 1929, being an act amending Chapter 13949, Laws of Florida, 1929, by adding thereto an additional section relating to compulsory accounting against the bond trustees in Citrus County, Florida, is unconstitutional. *Page 1084 
We deem it unnecessary to pass upon the constitutionality of this act in order to properly dispose of this case. Carolina-Fla. Planting Co. v. Maige, 64 Fla. 234, 60 So. 346.
It is claimed appellants are entitled to a jury trial.
Courts of Equity have jurisdiction of all trusts for the purpose of compelling an accounting and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duties arising out of such relations rest upon one of the parties to render an accounting to the other. 1 C. J. 621; Gordon v. Clarke, 10 Fla. 179. Primarily, the bill seeks an accounting and the remaining relief asked against appellants appears to be incidental and germane to the accounting and proper for consideration by a court of equity.
Finally it is contended the bill is multifarious as to subject-matter and parties complainant.
The rule as to multifariousness is regarded merely as a matter of convenience in the administration of justice. Murrell v. Peterson, 57 Fla. 480, 49 So. 31; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Mountein v. King,75 Fla. 12, 77 So. 630; Florida East Coast Ry. Co. v. Eno,99 Fla. 887, 128 So. 622; Taylor v. Taylor, ___ Fla. ___,130 So. 713.
Section 2202 (1493) Compiled General Laws of Florida, 1927, provides:
 "The County Commissioners of the several counties shall sue and be sued in the name of the county of which they are commissioners."
This suit was properly brought in the name of Citrus County. Section 2202 (1493) Compiled General Laws of Florida, 1927; Panama Investment Co. v. Ricker, 70 Fla. 614, *Page 1085 
70 So. 596; Board of Supervisors of Lunenburg County v. Prince Edward etc. Bank, 138 Va. 333, 121 S.E. 903, 37 A. L. R. 604.
It appears that one or more of the surety bonds signed by appellants which are set forth in the record run to the Board of County Commissioners of Citrus County as the obligee therein named. As to the appellants G. I. Singleton and W. H. Edwards, the extent of their liability on such bond may be determined herein. Section 4201 (2561) Compiled General Laws of Florida, 1927, provides that a person in whose name a contract is made for the benefit of another, may sue without joining with him the person for whose benefit the action is prosecuted, but this provision does not prevent joining with him the person for whose benefit the suit is instituted. Perry v. Woodberry,26 Fla. 84, 7 So. 483. See also Chapter 13956, Laws of Florida, 1929.
Under the provisions of Chapter 13949, Laws of Florida, 1929, the State Treasurer is entitled to receive the funds held by the appellants as trustees.
Where the parties complainant in an equity proceeding have a common interest in the subject of the litigation and have some relation to each other growing out of the common interest and the allegations are of a single, distinct equity as to which a specific relief is prayed against some of the defendants, the bill of complaint is not multifarious. Richardson v. Gaither,70 Fla. 145, 69 So. 699.
The joining of Citrus County, the individual members of the board of county commissioners as such, and the State Treasurer, all as parties herein does not render the bill demurrable for multifariousness on account of improper joinder of parties complainant. Perry v. Woodberry, *Page 1086 
supra; Richardson v. Gaither, supra; Board of Supervisors of Lunenburg County v. Prince Edward etc., Bank, supra; Sections 2202 (1493) and 4201 (2561) Compiled General Laws of Florida, 1927.
No error having been made to appear, the orders appealed from are hereby affirmed.