DREW, Justice.
Anna E. Taulty, hereafter referred to as appellant, was arrested for serving alcoholic beverages on premises owned and operated by her in Seminole County at 12:30 A. M., on June-23, 1953, contrary to the provisions.set forth in Chapter 29532, Acts of Florida,, passed in the 1953 Session of the 'Florida Legislature. The -lower court, in habeas corpus proceedings, remanded the appellant, and this appeal followed.
The Act under which appellant was arrested was filed in the office of the Secretary of State on May 19, Í953, and reads as follows:
“An Act regulating the. sale of Alcoholic Beverages in Seminole County, Florida; prescribing certain . hours when Alcoholic Beverages may. riot be sold; .defining certain timés as set forth herein; and providing a penalty for violations hereof.*
Be it Enacted by the Legislature of the State of Florida:
“Section 1. No person, firm- or corporation shall sell, serve or offer for sale, allow to be served. or consumed upon licensed premises, or deliver any alcoholic beverage containing more than one per cent (1%) of alcohol by weight, including beer of- all types, in Seminole County, Florida, on any week day between the hours of 12:00 Mid-night until 8:00,A. M.; and from 12:-.00 Midnight on Saturdays until 8:00 A. M. the following Monday.
*490 “Section 2. Any person, or persons violating the provisions of this act shall be upon conviction of such violation punished by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment not exceeding one (1) year or both such fine and imprisonment.
“Section 3. All laws and parts of laws in conflict herewith are hereby repealed.
“Section 4. This Act shall take effect on the first day of June, A. D. 1953. (Italics supplied).”
It is the contention of the appellant that Section 2 of the foregoing Act is unconstitutional and invalid because, among other things, it violates that part of Section 20, Article 3 of the Florida F.S.A. Constitution which prohibits the Legislature from passing special or local laws “for the punishment of crime or misdemeanor”. She further argues that the Act with the invalid portions eliminated fails to define any offense punishable under the laws of the State.
In its argument the State concedes that the portion of Section 2 of the Act purporting to provide punishment is unconstitutional but insists that the remainder of the Act is not affected thereby so that there remains an offense the punishment of which is provided under Section 775.07, F.S.1951, F.S.A. This Section provides specifically for punishment of misdemeanors, “ * * * when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual beccmse of constitutional provisions, or because the same is otherwise illegal or void, * * (Italics supplied.) This Section first appeared as Chapter 5920, Acts of 1909, to which the language italicized in the quoted portion, supra, was added by Chapter 6222, Acts of 1911.
In connection with Section 775.07, supra, it is pertinent to observe that under Section 775.08, F.S.1951, F.S.A., defining felonies and misdemeanors, crimes punishable by confinement in the state prison or by death are felonies, but that, “Every other offense is a misdemeanor.”
The Legislature may by special or local law declare stated things to be unlawful and provide by valid general law a punishment for failure to abide thereby. Stinson v. State, 63 Fla. 42, 58 So. 722; Fine v. Moran, 74 Fla. 417, 77 So. 533; Zackary v. Morris, 78 Fla. 316, 82 So. 830; Jones v. State, 93 Fla. 603, 112 So. 556; Beasley v. Cahoon, 109 Fla. 106, 147 So. 288.
In each of the foregoing cases, the language of Chapter 5920, supra, as amended by Chapter 6222, supra, all of which is now contained in Section 775.07, supra, was deemed sufficient to effect a valid provision for the punishment of conduct prohibited by a special or local law which contained an invalid provision providing for punishment. The result was based in each instance upon the language added by the 1911 amendment, supra. Previously, the wording of Chapter 5920 had been held too “restrictive and abstract” to enable its application to such special or local laws. Snowden v. Brown, 60 Fla. 212, 216, 53 So. 548, 549.
The terms of Chapter 6222, supra, also may effect a valid punishment provision for the doing of things declared to be unlawful by a valid general law which itself fails to provide such punishment for noncompliance. Douglass v. Smith, 66 Fla. 460, 63 So. 844.
In every one of these cases, however, where what is now Section 775.07, supra, functioned to provide a punishment, each of the legislative acts involved specifically declared conduct alluded to either be unlawful or to be a misdemeanor or both. Nowhere does the valid language of the Act under consideration declare the doing of things stated in Section 1 thereof either to be unlawful or to be a misdemeanor. By reason of the failure of the Act specifically to make either one or the other of these declarations, the valid portions of the Act wholly fail to state any offense punishable under the criminal laws of the State, and *491 therefore an opportunity for consideration of the applicability of Section 775.07 is precluded.
The State urges, however, that the elimination of the italicized portions of Section 2, supra, or even the elimination in that Section of the language following the word “violation,” still leaves language sufficient to be the equivalent to saying, “It shall be unlawful.” It cites only Beasley v. Cahoon, supra, and Snowden v. Brown, supra, to support that argument. Neither case supports the contention advanced. In Beasley v. Cahoon, 109 Fla. 106, 121, 147 So. 288, 293, the statute involved specifically declared a violation of certain sections, under one of which the appellant was charged, to be a misdemeanor; and this Court stated that, even if the statute is a special or local law, violation thereof, “being made a misdemeanor, which is a crime, may be punished under the general law [Chapter 6222, Acts of 1911] * * *.” (Emphasis supplied.) And in Snowden v. Brown the statute there involved declared that “It shall be unlawful” for a person to do stated things.
We are not referred to any case wherein Section 775.07, supra, has been held applicable to an Act of the Legislature which does not specifically declare described conduct to be a misdemeanor^ or, at the least, to be unlawful. On the other hand, even a legislative declaration that described conduct is “unlawful” may, of itself, be insufficient under some circumstances to invoke Section 775.07. See Fine v. Moran, 74 Fla. 417, 433, 77 So. 533, 538, supra, where this Court pointed out that the word “unlawful” often is used in a statute to describe conduct which is a wrong but does not amount to a crime, and observed that it did not there intend “to hold that every act of the Legislature which denounces any conduct as ‘unlawful’ thereby constitutes such conduct a crime and punishable under the act of 1911 [Chapter 6222].”
The valid portions of the Act under consideration are too vague and indefinite to delineate a public offense punishable under the criminal laws of the State. In view of this conclusion it is unnecessary to discuss appellant’s several other attacks upon the validity of the Act.
Reversed with directions to grant the writ.
ROBERTS, C. J., TERRELL, THOMAS and SEBRING, JJ., and PATTERSON, Associate Justice, concur.
MATHEWS, J., not participating.