216 So.2d 801 (1968)
Janet N. MULLRAY, R.B. Gautier, Jr. and Francis J. Rainer, D/B/a the Island Associates, Appellants,
v.
AIRE-LOK CO., Inc., a Florida Corporation, Appellee.
No. 68-163.
District Court of Appeal of Florida. Third District.
December 17, 1968.
Rehearing Denied January 17, 1969.
Worley, Gautier & Patterson and Robert G. Worley, Miami, for appellants.
Rosenberg, Rosenberg, Reisman & Glass, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by three of four coplaintiffs from an order dismissing their complaint without leave to amend.
Appellants, owners of the Island House Apartments, and doing business as the Island Associates, joined with Burk Builders, Inc., a general contractor, in a suit against appellee, a subcontractor. One complaint was filed on behalf of all four parties. Count I of the complaint alleges that the owners and the general contractor entered into a certain contract for the construction of the Island House Apartments; that thereafter the general contractor entered into a subcontract with the appellee, Aire-Lok Co., Inc., wherein the appellee, as subcontractor, undertook to furnish certain *802 materials and labor; to perform all window and perimeter caulking work on the apartment building pursuant to the prime contract, plans and specifications; to perform such services in a good and workmanlike fashion; and further, to furnish a five-year bond against leaks in the windows.
Count II of the complaint alleges that the subcontract was a contract made for the direct benefit of the owners. Count III alleges that by virtue of the subcontract, the subcontractor represented to the owners and the general contractor that all the materials and equipment, including windows, panels and perimeter caulking, were to be in accordance with the plans and specifications and, by so representing, expressly warranted the quality and condition of the materials for the use intended; moreover, Count III goes on to state that the owners and general contractor relied on such representations. Count IV alleges that the subcontractor impliedly warranted that the materials furnished and installed by it were reasonably fit for the general purpose for which they were manufactured and intended. The complaint concludes by alleging that the defendant breached its duties and obligations as set forth in each of the counts of the complaint.
The defendant filed a motion to dismiss the complaint which was granted by the trial judge without leave to appellants to amend. The order of dismissal set forth that: "This multifarious complaint attempts to assert unilateral causes of action against the subcontractor defendant, whereas the cause of action, if any should be vested in the general contractor who was in contractual privity with the subcontractor." It is from this order that the owners appeal.
Appellants take the position that the owners of a building have a valid cause of action against a subcontractor, even though there was an absence of contractual privity, where the cause of action is based on: (a) breach of contract; (b) negligence in the performance of a contract; and (c) implied warranty. Appellants also contend that the joinder of the owner's cause of action with that of the general contractor's does not cause the joint complaint to be subject to dismissal as being multifarious. We agree with appellant's contentions and reverse.
The first question we shall consider is whether the owners' lack of contractual privity with the subcontractor is fatal to their cause of action against the subcontractor. We hold that it is not, and that the trial court erred when it dismissed the appellants' cause of action for lack of privity. The rule which we think is controlling in the instant case is stated in 38 Am. Jur. Negligence, Sec. 21:
"On the other hand, a contractual relation between the parties is not necessary to the existence of a duty the violation of which may constitute actionable negligence, where the relation which is requisite to the existence of a duty to exercise due care, is to be found in something else. Subcontractors of one who has agreed with the owner to move and fit up a building in a workmanlike manner are liable to the owner for negligent injury to the building in doing the work, even though there is no privity of contract between them. The gist of the action in such case is the breach of duty owned by the subcontractors to the owner not to injure his property negligently, and such duty does not depend on nor grow out of the contract. (Emphasis supplied)"
In addition, we have examined a California case cited by the appellants, and find the language therein pertinent and appropriate to this decision. That case is Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16, 65 A.L.R.2d 1358, and the court there, discussing the right of recovery for an injured party not in contractual privity with the defendant, stated:
"The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of *803 various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm."
We have also considered the appellee's contention that the trial court was correct in dismissing the complaint on the ground that it was multifarious. We can not agree with this contention.
By permitting the owners and the general contractor to join their causes of action against the subcontractor in the same suit, the ends of justice will best be served without violating the acceptable rules of pleading. Slaughter v. Barnett, 114 Fla. 352, 154 So. 134, 102 A.L.R. 1073; Fla. R.C.P. 1.110(g), 30 F.S.A. This procedure will bring all the interested parties before the court in the same action. Such procedure will simplify rather than complicate the trial of the cause and enable the trial court to do complete justice to all parties involved in the subject matter of the litigation. Richardson v. Gaither et al., 70 Fla. 145, 69 So. 699.
For the reasons stated the order appealed is reversed.
BARKDULL, Judge (specially concurring).
I concur not only with the views expressed by Judge HENDRY for reversal of the order here under review, but I am also of the opinion that the appellants, as owners of the Island House Apartments, can maintain this action pursuant to the provisions of the real party in interest rule, Rule 1.210(a), Florida Rules of Civil Procedure. In this connection, see: Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556, 21 L.R.A.,N.S., 1034; First National Bank of St. Augustine v. Perkins, 81 Fla. 341, 87 So. 912; Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267; 17A C.J.S. Contracts § 519(3), p. 952; 17 Am.Jur., Contracts, § 312, p. 740. In addition, compare Acme Brick Co. v. Hamilton, 218 Ark. 742, 238 S.W.2d 658; Shell v. Schmidt, 126 Cal. App.2d 279, 272 P.2d 82; Gaither Corporation v. Skinner, 238 N.C. 254, 77 S.E.2d 659.
CHARLES CARROLL, Chief Judge (dissenting in part).
I concur in the judgment, on the additional ground asserted in the separate concurring opinion. However, I cannot agree with the negligence theory on which the main opinion proceeds. In my view this case cannot be likened to one where an owner is permitted to recover in tort against a subcontractor when the latter, in performance or attempted performance of his subcontract, negligently damages the owner's building. As stated in the quotation in the main opinion (from 38 Am.Jur., Negligence, Sec. 21): "The gist of the action in such case is a breach of duty owned by the subcontractors to the owner not to injure his property negligently, and such duty does not depend on nor grow out of the contract." [Italics supplied.] In this case the owners were not seeking to recover from the subcontractor for injury or damage to some part of the building negligently caused by the subcontractor in the course of performance of its contract, but for failure of the latter to properly perform the subcontract according to the specifications.