278 So.2d 269 (1973)
Danny STEPHENS and Bena, Inc., d/b/a Shalimar Mobile Home Park, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF OKALOOSA COUNTY, Florida, and Ray Wilson, Sheriff of Okaloosa County, Appellees.
No. 42918.
Supreme Court of Florida.
May 9, 1973.
Rehearing Denied June 20, 1973.
*270 Hugh T. Handley, of Handley & Tongue, Fort Walton Beach, for appellants.
John R. Dowd, of Wimberly & Dowd, Fort Walton Beach, and Brooks Taylor, Crestview, for appellees.
CARLTON, Chief Justice.
This cause is before us on direct appeal for review of an order of the Circuit Court of Okaloosa County which directly passed on the validity of Chapter 69-1362, Laws of Florida. Jurisdiction is vested in this Court by Article V, Section 3(b) (1), Florida Constitution.
Chapter 69-1362 is a special law relating to garbage collection in Okaloosa County, which authorizes the Board of County Commissioners to grant franchises for this service, set rates, and otherwise regulate the collection and disposal of garbage. Under this authority, the Board of County Commissioners passed a Garbage Resolution, the provisions of which we find it unnecessary to detail here.
Appellant Bena, Inc., is the corporate owner of a mobile home park in Okaloosa County. Appellant Danny Stephens is the owner of a garbage truck who was leasing the truck and a driver to Bena, Inc., two days each week for the collection of garbage at the mobile home park. Stephens does not have the garbage collection franchise in that area of the county. He was arrested by the sheriff of Okaloosa County for violating the provision of the Special Law which makes it a misdemeanor to collect garbage in this area without a franchise. Thereafter, the appellants instituted this action, seeking a declaratory judgment as to the interpretation and constitutional validity of the Special Law and the Garbage Resolution and requesting that the sheriff be enjoined from further arrests of Danny Stephens.
The Order of the Circuit Court denied the relief sought and held that the Special Law and Garbage Resolution were lawful and proper in every respect. The Court ruled that the provisions of the Special Law and Garbage Resolution giving every *271 resident person, firm, partnership, or corporation the right to dispose of its own garbage (other than by contractors for hire), as an alternative to contracting with the area franchisee, do not "extend to disposing of garbage of leased trailer spaces, rental units of apartment house owners or garbage produced by lessees or sub-lessees."
Appellants contend that both the Special Law and the Garbage Resolution are ambiguous and that the terms thereof were not intended to prevent a mobile home park owner from disposing of its tenants' garbage. On the contrary, we find that Chapter 69-1362 and the Resolution are clear and specific and that both the letter and intent thereof dictate the interpretation made by the Circuit Court.
Appellant Bena, Inc., contends that the provisions of the Special Law and Resolution, as thus interpreted, are so ambiguous when read in pari materia with Regulation 10D-26 of the Division of Health (promulgated under authority of Fla. Stat. § 513.05, F.S.A.) as to deprive it of due process of law. This contention is without merit. Regulation 10D-26 places upon the owner of a mobile home park the responsibility of ensuring that certain minimum requirements concerning the collection of garbage within the park are complied with. To fulfill this responsibility, a park owner does not have to run his own garbage collection business; he simply has to require his tenants to comply with the minimum standards, whether they dispose of their own garbage or pay the area franchisee to collect and dispose of it.
Appellants also argue that the Special Act and the Garbage Resolution enacted thereunder are invalid in that they establish a punishment for crime, in violation of Article III, Section 11 (a) (4), Florida Constitution. Chapter 69-1362 provides, in section 6 thereof, that to "carry on the business" of garbage collection, removal, or disposal in parts of Okaloosa County without first obtaining a franchise shall be deemed a misdemeanor, and that "conviction thereof shall be punished as provided by law." This provision is not constitutionally infirm.
In Taulty v. Hobby, 71 So.2d 489 (Fla. 1954), we stated that,
"The Legislature may by special or local law declare stated things to be unlawful and provide by valid general law a punishment for failure to abide thereby."
Chapter 69-1362 declares certain conduct to be a misdemeanor. The punishment therefor is as provided by general law, specifically Fla. Stat. §§ 775.081-.083 providing a penalty of sixty days in jail and/or a $500 fine for misdemeanors the degree of which is unspecified. See Taulty v. Hobby, supra.
Appellants' arguments on this issue do have merit, however, in one respect. The Resolution adopted by the Okaloosa Board of County Commissioners contains, in section 26 thereof, a declaration that any violation of the Resolution or of the provisions of Chapter 69-1362 shall be a misdemeanor which shall be punished by a $100 fine and/or imprisonment for thirty days. This section of the Resolution cannot stand. First, it conflicts with the general law which establishes the punishment for violation of Chapter 69-1362. Second, it is an attempt to do, under the authority of a special law, what the Legislature itself cannot do by special law. Finally, it is an exercise of legislative power which is not authorized either by the terms of Chapter 69-1362 or otherwise.
Therefore, with the clarification that it does not pertain to section 26 of the Okaloosa County Garbage Resolution, which by this opinion is declared to be unconstitutional, the Order of the Okaloosa County Circuit Court is in all respects hereby affirmed.
It is so ordered.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.