309 So.2d 552 (1975)
Lucy Ware MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-931.
District Court of Appeal of Florida, Second District.
March 21, 1975.
William C. Ballard, Baynard, McLeod, Lang, Eckert & Ballard, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth and Davis Anderson, Asst. Attys. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from an order holding a reporter in contempt for refusing to divulge to the State Attorney her source of information for a newspaper article.
On November 1, 1973, there appeared in the Pasco Times, a regional newspaper published by the St. Petersburg Times, an article entitled "Jury Assails Dade City, Indicts No One" under the by-line of Lucy *553 Ware Morgan, the appellant in this case. Thereupon, the State Attorney caused a subpoena to be issued to appellant to appear before him later that day. When the appellant appeared, the questioning revealed that the purpose of the investigation was to determine the identity of the source of the published news story. Upon appellant's refusal to identify her source, the State Attorney sought a court order requiring her to supply this information.
At the hearing the State Attorney advised that he was conducting the investigation of a possible violation of Fla. Stat. 905.24 (1973). Appellant's motion to quash the subpoena was denied. Once again appellant was asked to divulge the source of her news story. The court directed her to answer the question. She again refused to respond. Thereupon, the court adjudicated her guilty of contempt and sentenced her to be confined in the Pasco County Jail for a period of five months or until such time as she should answer the question propounded by the State Attorney.
This case can be disposed of upon narrow grounds. Fla. Stat. 27.04 (1973) empowers the State Attorney to summon witnesses "to testify before him as to any violation of the criminal law upon which they may be interrogated ..." This does not mean that the State Attorney must have a particular criminal statute in mind before he can interrogate a witness under the statute. At the time he is conducting an investigation he may be only suspicious that criminal activity has taken place. Nevertheless, it is clear that the subject matter of his interrogation must be confined to violations of the criminal law. Barnes v. State, Fla. 1951, 58 So.2d 157. In the instant case, the State Attorney specifically announced that his interrogation was directed to determining possible violations of Fla. Stat. 905.24 (1973). Therefore, if the violation of this statute does not constitute a crime, he did not have the authority to interrogate the appellant because he was not investigating the violation of a criminal law.
In Taulty v. Hobby, Fla. 1954, 71 So.2d 489, the Supreme Court passed on the question of whether a special act prohibiting the sale of alcoholic beverages after midnight stated an offense punishable under the criminal laws of the state. The portion of the act which provided that a violation of its terms was punishable by a specified fine or imprisonment was held invalid because of the constitutional prohibition against the passage of special or local laws for the punishment of crimes. The court was then faced with the question of whether Fla. Stat. 775.07 (1951) could be applied to the remainder of the act so as to preserve it as a criminal law.[1] The court pointed out that in every cited case where § 775.07 had functioned to provide a punishment, each of the legislative acts involved specifically declared the proscribed conduct either to be unlawful or to be a misdemeanor, or both. Since the valid language of the act did not declare the doing of the things proscribed therein either to be unlawful or to be a misdemeanor, the court held that the act did not delineate an offense punishable under the criminal laws of the state.
Florida Statute 905.24 (1973) reads as follows:
"Grand jury proceedings are secret, and a grand juror shall not disclose the nature or substance of the deliberations or vote of the grand jury."
*554 As in Taulty v. Hobby, supra, this statute does not declare the conduct to which it refers either to be unlawful or to be a misdemeanor. Hence, the violation of this statute does not constitute a crime.[2] One cannot be held in contempt for refusing to answer questions propounded by a State Attorney in an unauthorized investigation. See Robertson v. State, Fla. 1951, 52 So.2d 337.
Reversed.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Fla. Stat. 775.07 (1951) reads as follows:

"The punishment for commission of crimes other than felonies in this state, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days; and where punishment by fine alone is provided the court may, in his discretion, sentence the defendant to serve not exceeding sixty days in default of the payment of the said fine."
This statute has now been superseded by § 775.081 (1973), but the change of language is not such as would affect the principles of Taulty, supra.
[2] This statute may be contrasted with Fla. Stat. 905.27 (1973) which specifically provides that it shall constitute a misdemeanor to disclose testimony given before a grand jury. The State Attorney expressly disclaimed the suggestion that his interrogation was directed to a possible violation of Fla. Stat. 905.27.