GROSS, C.J.
We address the question of whether a construction subcontractor may enforce the provisions of the primary contract between an owner and general contractor against the owner. Because the subcontractor is not an intended third-party beneficiary of the primary contract, it is not entitled to enforce its provisions against the owner.
This case arises from a contract to build a home. Appellants Chris and Lorraine Esposito hired general contractor G. Mus-tapick Companies, Inc. to construct their home; Mustapick subcontracted with True Color Enterprises Construction, Inc. for painting. The Espositos’ third amended complaint alleges that True Color employees failed to secure the home at the end of the work day, thereby allowing an arsonist to enter during the night and set fires that caused significant damage to the home. The pleading states a cause of action against True Color for negligence. The trial court granted True Color’s motion to dismiss, which claimed protection as a third-party beneficiary of certain provisions of the Mustapick-Esposito contract.
To claim the protection of that contract, True Color must establish it was an intended third-party beneficiary of it. This is because “[a] person who is not a party to a contract may not” enforce its terms “where that person receives only an incidental or consequential benefit from the contract.” See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1030-31 (Fla. 4th DCA 1994). “A party is an intended beneficiary only if [both] parties to the contract clearly express ... an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong.” Id. (citations omitted); see also Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251, 254 *556 (Fla. 3d DCA 2005) (“it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party.” (citation omitted)). “Florida law looks to [the] ‘nature or terms of a contract’ to find the parties’ clear or manifest intent that it ‘be for the benefit of a third party.’ ” Jenne v. Church & Tower, Inc., 814 So.2d 522, 524 (Fla. 4th DCA 2002) (citation omitted).
True Color was not an intended third-party beneficiary of the Mustapick-Esposito contract. “Generally ... the ordinary construction contract — i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party — does not give third parties who contract with the promisee the right to enforce the latter’s contract with another.” Port Chester Elec. Constr. Corp. v. Atlas, 40 N.Y.2d 652, 389 N.Y.S.2d 327, 357 N.E.2d 983, 986 (1976). Subcontractors of a general contractor are usually considered “mere incidental beneficiaries,” who cannot enforce the terms of the primary contract. Id.; see also Artwear, Inc. v. Hughes, 202 A.D.2d 76, 615 N.Y.S.2d 689, 694 (N.Y.App.Div.1994) (“[I]t is well settled that the subcontractor or supplier of a general contractor on a construction project is not invested with third-party beneficiary status.” (citation omitted)).
That general principle holds true in this case. Nothing in the Mustapick-Esposito contract demonstrates an intent to primarily and directly benefit True Color. As a contract for the construction of a home, that contract primarily and directly benefited only the Espositos, who would receive a new home, and Mustapick, which would receive remuneration. The contract does not mention True Color. Although the contract makes several references to subcontractors, a “class” to which True Color would belong, such references were part of the allocation of responsibilities and risk between the Espositos and Mustapick. At most, True Color was an incidental beneficiary of the primary contract.
To support its argument that it is entitled to enforce a provision of the primary contract against the Espositos, True Color relies on Mullray v. Aire-Lok Co., 216 So.2d 801 (Fla. 3d DCA 1968). That case is, however, inapposite. In Mullray the owners of an apartment complex and their general contractor together sued a subcontractor. Id. at 801. The trial court dismissed the complaint as to the owners, concluding that only the general contractor was in privity with the subcontractor, so the owners lacked standing to sue. Id. at 802. The owners appealed and the third district reversed, on the ground that the subcontractor’s contract with the general contractor gave rise to a duty owed by the subcontractor to the owners, which duty could form the basis of the owners’ negligence action against the subcontractor. Id. The third district wrote that
a contractual relation between the parties is not necessary to the existence of a duty[,] the violation of which may constitute actionable negligence, where the relation which is requisite to the existence of a duty to exercise due care, is to be found in something else. Subcontractors of one who has agreed with the owner to move and fit up a building in a workmanlike manner [a]re liable to the owner for negligent injury to the building in doing the work, [e]ven though there is no privity of contract between them. The gist of the action in such case is the breach of duty [owed] by the subcontractors to the owner not to injure his property negligently, and such duty does not depend on nor grow out of the contract.
Id. (quoting 38 Am.Jur. Negligence § 21).
True Color contends that if “an owner can sue a subcontractor for harm caused *557 by the subcontractor despite the lack of privity, then surely the subcontractor should be able to hold the owner to its obligations” in the contract between the owner and general contractor. This argument misunderstands Mullray, which spoke only to whether a subcontractor owed an owner a duty which could support the owner’s negligence action against the subcontractor. The case had nothing to do with a subcontractor’s ability to enforce a contract to which it was not a party. It does not follow that because an owner may sue a subcontractor in negligence, a subcontractor can enforce provisions of the general contractor/owner contract against the owner. Absent third-party beneficiary status, the subcontractor cannot do so. Rather, Mullray supports the Espositos’ contention that they can sue True Color, a subcontractor with whom they are not in privity, based on negligence.
For these reasons, we reverse the circuit court’s dismissal of the negligence claim. We do not reach the other issue raised in the appeal concerning the construction of provisions of the primary contract.
FARMER and STEVENSON, JJ., concur.