PER CURIAM.
This is an appeal from a final judgment entered after a non-jury trial that awarded damages to a residential landlord for unpaid rent. We affirm.
Landlord Tatiana Serova entered into a one year residential lease of a condominium unit with tenant Vladimir Plakhov. The unit was the only real estate which the Landlord owned in Florida. The lease called for $2200 per month rent. At the inception of the lease in November 2008, the Tenant paid $6600 — $4400 for the first and last month’s rent and $2200 as a security deposit. The lease did not limit the type of damages to which the security deposit could be applied. The Landlord deposited the security deposit in an account with her real estate management company. The Tenant paid $2200 rent for December and $900 rent for January. The Tenant stopped paying rent because he became worried after he was served as a defendant in a foreclosure lawsuit brought by the Landlord’s lender; also, the Tenant received notice from the condominium association that the Landlord had not paid certain association fees. At the time, the Landlord was involved in discussions with her lender about modifying her mortgage and she entered into several payment plans with the lender in 2009; the foreclosure case was dismissed in 2011. Although the Landlord had missed a payment to the condominium association, she brought her payments current in February 2009. The Tenant moved out of the unit in April 2009. The Landlord immediately listed the unit for rent with a real estate agency, but was unable to obtain a tenant until November 2009, due to market conditions.
In his answer to the complaint, the Tenant admitted that he and the Landlord had entered into the lease attached to the complaint. By his response to the Landlord’s request for admissions, the Tenant also admitted these facts:
On or about April 28, 2009, the [Landlord] dispatched her “Notice of Intention to Impose Claim against Security Deposit to the [Tenant], in care of the Law Offices of [Tenant’s attorney] via certified mail, return receipt requested.
The [Tenant] did not object to the [Landlord’s] imposition of a claim against the security deposit ... within fifteen (15) days from the date that the [Tenant’s attorney] received notification of the claim on April 29, 2009.
A pretrial stipulation identified three issues for trial: (1) whether the lender’s filing of a foreclosure action “entitled the [Tenant] to breach the Lease agreement, to discontinue tendering rental payments to the [Landlord]”; (2) whether the Landlord’s delinquency in satisfying condominium common area expenses “entitled the [Tenant] to breach the lease agreement”; and (3) whether the Landlord properly mitigated her damages after retaking possession of the unit.
The trial judge entered a final judgment for the Landlord for $16,700, computed as follows: $26,400 rent owed-$7500 rental payments-$2200 security deposit.
On appeal, the Tenant raises a number of issues, none of which have merit.
The Tenant first argues that he was entitled to a “directed verdict” because the Landlord did not offer a copy of the written lease into evidence. However, in his answer, he admitted the validity of the written lease attached to the complaint *1223 and he failed to identify any problem with the lease in the pretrial stipulation.
The Tenant next contends that the lease was “void or voidable at its inception” because the Landlord violated a rider to the mortgage which provided that the property subject to the mortgage was to be used as the “borrower’s second home.” However, the mortgage did not vest any rights in the Tenant because the Tenant was not an intended third party beneficiary of it. Esposito v. True Color Enters. Constr., Inc., 45 So.3d 554, 555 (Fla. 4th DCA 2010). “A party is an intended beneficiary only if [both-jparties to the contract clearly express ... an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong.” Id. at 555 (alteration in original) (quoting Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994)). The Tenant was not entitled to use the rider to attack the validity of his lease with the Landlord.
Next, the Tenant asserts that the Landlord failed to comply with section 83.49(2), Florida Statutes (2008), by failing to provide written notice to the Tenant “of the manner in which the landlord is holding the advance rent or security deposit.” However, that subsection “does not apply to any landlord who rents fewer than five individual dwelling units.” § 83.49(2)(c), Fla. Stat. (2008). The Landlord owned but one rental unit in Florida, so she was excused from the subsection’s notice requirements. In any event, the statute provides that “[fjailure to provide this [section 83.49(2) ] notice shall not be a defense to the payment of rent when due.”[1] Id.
The Tenant further argues that he is entitled to the return of his security deposit because the Landlord failed to comply with the notice requirement of section 83.49(3)(a), Florida Statutes (2009). This argument fails for two reasons. First, this defense was neither raised in his answer nor identified in the pretrial stipulation. Second, the Landlord’s obligation to provide this notice was excused by the Tenant’s failure to give the seven-day notice implicated when a “tenant ... vacates or abandons the premises prior to the expiration of the term specified in the written lease.” § 83.49(5), Fla. Stat. (2009). The failure of the tenant to give this notice “shall relieve the landlord of the notice requirement of [section 83.49(3)(a) ].” Id. In this situation, the Landlord and the Tenant are free to litigate over their entitlement to the security deposit without leaping any procedural hurdles. The Landlord established damages (unpaid rent) far in excess of the security deposit. The lease did not limit how the security deposit could be applied, so the trial judge properly applied it to reduce the amount of damages owed by the Tenant. The Tenant thus had an opportunity to establish his “right” to the security deposit within the meaning of section 83.49(5), but was unable to do so. The Tenant’s reliance on Durene v. Alcime, 448 So.2d 1208 (Fla. 3d DCA 1984), is unavailing, since that case involved a situation where the landlord’s obligation to give the section 83.49(3)(a) notice was not excused by the Tenant’s failure to give the notice required by section 83.49(5).
 Next, the Tenant contends that he was constructively evicted by the Land *1224 lord’s dealings with her mortgagee. The supreme court recognized and defined the constructive eviction defense in Hankins v. Smith, 103 Fla. 892, 138 So. 494, 495-96 (1931):
A ‘constructive eviction’ is an act which, although not amounting to an actual eviction, is done with the express or implied intention, and has the effect, of essentially interfering with the tenant’s beneficial enjoyment of the leased premises. It may constitute a constructive eviction if the landlord does any wrongful act or is guilty of any default or neglect whereby the leased premises are rendered unsafe, unfit, or unsuitable for occupancy in whole, or in substantial part, for the purposes for which they were leased.
(citation omitted). Whether a constructive eviction has occurred is a “question!] of fact determinable by the trier of fact in light of the appropriate principles of law.” Richards v. Dodge, 150 So.2d 477, 480 (Fla. 2d DCA 1963). Whatever inconvenience the Tenant experienced by being served in the foreclosure action did not rise to the level of constructive eviction because the unit was not “rendered unsafe, unfit, or unsuitable for occupancy in whole, or in substantial part.” Hankins, 138 So. at 496. Moreover, the Tenant never gave the Landlord the notice to cure required by section 83.56(1) which is a precondition to the tenant’s ability to terminate the rental agreement for the failure of the landlord to comply “with s. 83.51(1) or material provisions of the rental agreement.” § 83.56(1), Fla. Stat. (2009).

Affirmed.

CIKLIN, GERBER and LEVINE, JJ„ concur.

. We do not reach the issue of a tenant’s remedy where the landlord fails to comply with section 83.49(2), Florida Statutes (2008). See § 83.49(8), Fla. Stat. (2008) (providing that ”[a]ny person licensed under the provisions of s. 509.241, unless excluded by the provisions of this part, who fails to comply with the provisions of this part shall be subject to a fine or to the suspension or revocation of his or her license by the Division of Hotels and Restaurants of the Department of Business and Professional Regulation”).