# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1786
Lower Tribunal No. 22-6771 SP
_____

**Daymi Martinez,**
Appellant,

vs.

**Roads Point Townhomes, Inc., etc., et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Jeffrey Rosinek, Senior Judge.

Daniel W. Courtney, P.A., and Daniel W. Courtney, for appellant.

Harvey D. Rogers, P.A., and Harvey D. Rogers, for appellees.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See § 83.49(3)(a), Fla. Stat. (2022) ("If the landlord fails to

give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit."); § 83.49(5), Fla. Stat. (2022) ("Failure [of a month to month tenant] to give . . . [at least 7 days' written notice by certified mail or personal delivery to the landlord prior to vacating or abandoning the premises which notice shall include the address where the tenant may be reached] shall relieve the landlord of the notice requirement of paragraph (3)(a) but shall not waive any right the tenant may have to the security deposit or any part of it."); Plakhov v. Serova, 126 So. 3d 1221, 1223 (Fla. 4th DCA 2012) (finding where both landlord and tenant fail to comply with proper statutory notice requirements "the Landlord and the Tenant are free to litigate over their entitlement to the security deposit without leaping any procedural hurdles"); Boxer Max Corp. v. Cane A. Sucre, Inc., 905 So. 2d 916, 918 (Fla. 3d DCA 2005) ("The 'prevailing party', for purposes of attorney's fees, is a party which the trial court determines prevailed on significant issues in the litigation. Just because a party receives a monetary award does not necessarily mean the party is a prevailing party in the litigation." (citations omitted)).