JUANA FRANCISCA MONTE DE LA GARZA V. BEXAR COUNTY.

The 1st and 2d sections to incorporate the several counties of the state, passed
11th May, 1846, read as follows: "Each-county which now exists, or which
may be hereafter established, in this state shall be a body corporate and
politic.  All suits brought by or against any of the counties of this state
shall be brought in the name of or against the county of, [naming the county,]
and by that name they may sue and be sued, plead and be impleaded, de-
fend and be defended, in any court of record or other place where justice
may be administered: *Provided, however,* That no county shall be sued un-
less the claim upon which such suit is founded shall have first been pre-
sented to the county court for allowance, and such court shall have neglected
or refused to audit and allow the same." (Paschal's Dig., Arts. 1044, 1045,
Note 430.)  Under this law the chief justice has no right to bring a suit in
his own name for the use of the county.
See the facts as to the form, which was held to be a suit in the name of the
chief justice, and not in the name of the county.

APPEAL from Bexar.  The case was tried before Hon.
THOMAS J. DEVINE, one of the district judges.

The proceeding was by motion against Henry, sheriff,
under the 10th section of the execution law.  (Paschal's
Dig., Art. 3781, Note 872.)  The motion alleged, * * "comes
JOHN D. McLEOD, chief justice of the county of Bexar,
and who moves herein, in behalf of said county of Bexar,
and alleges," &c., to the effect that Henry, as sheriff, had
received certain fines and forfeitures and costs, due the
county under the law, to the amount of $720; also $670,
the balance of the sale of a runaway slave, which money
belonged to the county, "which moneys so colleected by
him the said Henry refuses to pay over into the county
treasury, as he is bound by law to do, to the damage of said
county of Bexar $2,000."

" Wherefore the said JOHN D. McLEOD, chief justice as
aforesaid, acting in behalf of said county, moves, &c., that
said Henry may be ruled to pay, &c., into the county treas-
ury, for the use of and benefit of the county, with dam-
ages," &c.   The defendant excepted, among other reasons,

because the motion was not made in the name of the county. The motion was overruled, and this was the only point considered in the case.

*C. Upson,* for appellant.

No brief for the appellee has been furnished to the *Reporter.*

MORRILL, C. J.—Suit was brought by the chief justice of the county of Bexar in behalf of the county, upon a cause of action due to the county, against appellant and others, who excepted to the capacity of the plaintiff, and because the suit was not instituted by the county. Exceptions were overruled by the court, and this is assigned as error.

We believe the exception was well taken. The statute [Paschal's Dig., Art. 1044] provides that "Each county which now exists, or which may be hereafter established, in this state shall be a body corporate and politic." Article 1045, "All suits brought by or against any of the counties of this state shall be brought in the name of or against the county of, [naming the county,] and by that name they may sue and be sued," &c. The chief justice has no more legal right to bring a suit in his own name for the benefit of the county than he has to sue in his own name for the benefit of any citizen of Bexar county upon a note or other cause of action in which he has no interest.

Even if the county had authorized him to conduct the suit, he could have appeared only as agent or attorney and the county as principal.

There is nothing in this case that goes to show that any other officer of the county except the chief justice had anything to do with bringing the suit or any knowledge of its pendency. Being in the name of the chief justice, he, and not the county, had the legal control of the suit.

The article (1046) provides, that "it shall be the duty of the county court of each county in this state to take and

order suitable measures for prosecuting and defending all suits brought by or against such county."

There is no doubt of the intention that the county should be the real plaintiff herein, but as there is nothing in the record to show that the county authorized the institution of the suit, or took or ordered any measures to prosecute it, it might be considered doubtful whether the judgment rendered could be pleaded as an estoppel to an action that the county might cause to be instituted in its own name.

Had the chief justice the legal and the county the beneficial interest in the subject-matter of the suit, a different question would have been presented; but as he had neither he was not a proper party to the suit, and the exception should have been sustained.

REVERSED AND REMANDED.