# Patrick *v.* Robinson.

## *Bill of Interpleader.*

1. *Who may file bill.*—A judge of probate, holding in his hands, as agent of the county, certain funds arising from taxes collected, which are to be applied in payment and settlement of certain county bonds, can not file a bill of interpleader, either officially, personally, or as agent of the county, against the several holders or claimants of the bonds. If the bill can be maintained at all, it must be filed in the name of the county, his principal.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. S. K. McSPADDEN.

TROY, TOMPKINS & LONDON, for appellant.

SOMERVILLE, J.—The complainant, Robinson, files his bill, which is one of interpleader, in his official capacity as judge of probate of Chambers county, claiming to hold as agent for the county, and by its authority, a certain fund of between seven and eight hundred dollars, accruing from taxes levied under provisions of the act approved February 15th, 1887, enacted for the adjustment and compromise of certain indebtedness of several counties of the State, including the county of Chambers.—Acts 1882–83, p. 47. It is alleged that the defendants, Patrick, and Thornton and Hudmon, had each claimed to be the owners of certain bonds, or obligations against the county of Chambers, which had been filed for compromise and settlement with the State Auditor, as required by the foregoing act, and that the money held by complainant was due as a remaining balance on these claims. The prayer of the bill is, that the defendants may be required to interplead among themselves, as to who is entitled to the fund in complainant's hands.

The bill is, in our opinion, improperly filed in the name of the complainant, Robinson—whether in his official capacity, personally, or as mere agent. If the county of Chambers be regarded as the owner of this fund, the bill—if it will lie at all—should be brought in the name of the county itself, as complainant, not in the name of its agent. The probate judge is not made the custodian of this fund by law. He is

not the debtor of the defendants, or either of them. His interest in the fund is that of a mere naked bailee, or agent for a known and disclosed principal. The defendants have a right to have the principal before the court as a party to the record, so that it may be bound by the decree rendered, without resort to extrinsic evidence to prove that the agent is acting by its authority in bringing this suit. A principal can not bring a bill of interpleader in an agent's name, when the agent is a mere naked custodian of the disputed fund, without title to, or interest in it.

The demurrer on this ground should have been sustained. The decree rendered, being erroneous, must be reversed, and a decree will be rendered in this court, sustaining the demurrer, and dismissing the bill.

CLOPTON, J., not sitting.