THE PANAMA INVESTMENT COMPANY, A CORPORATION, AND GEORGE W. CLARK, *Appellants,* v. E. A. RICKER, P. S. BOWEN, J. H. PATTERSON, GEORGE H. BROWN AND J. J. LORD AS COUNTY COMMISSIONERS OF DUVAL COUNTY, *Appellees.*

Opinion filed Jan. 5, 1916.

1. Section 773 of the General Statutes of 1906 requires the County Commissioners of the several counties when bringing a suit to bring it in the name of the county of which they are commissioners.

2. In view of the above statute a suit brought by certain persons as County Commissioners etc., will be treated as a suit brought by such persons individually.

Appeal from Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Order reversed.

*Bisbee & Bedell* and *D. H. Doig,* for Appellants;

*I. L. Farris* and *Register & Donnell,* for Appellees.

ELLIS, J.—This is an appeal from an order sustaining certain exceptions filed by the complainants in the court below to the answers of the defendants to a bill in chancery exhibited against them by E. P. Holmes, P. S. Bowen, William Burbridge, R. D. Drysdale and Frank P. Williams as County Commissioners of Duval County, Florida.

By an order made January 27th, 1915, E. A. Ricker, J. H. Patterson, George H. Brown and J. J. Lord were substituted in the place of William Burbridge, E. P. Holmes, R. D. Drysdale and Frank P. Williams as complainants, and the suit was continued in their names, and that of P. S. Bowen, as County Commissioners of Duval County, Florida.

It is unnecessary to consider the very many interesting questions presented by this record, because in the view we take of the case the questions become merely moot questions. The persons named as County Commissioners filed their bill in chancery in the Circuit Court for Duval County against The Panama Investment Company and George W. Clark to restrain the defendants from interfering in any manner with the passage of the public along a certain portion of the Panama Road which the defendants had obstructed, and to require them to "obviate and abate" the obstructions.

It appears from the allegations of the bill that in 1906 George W. Clark was the owner of a certain property known as Panama Park, through which a county road ran, entering the property near the northeast corner

and running southwesterly a short distance, then running southeasterly traversing the eastern side of the land near the western bank of the St. Johns River. From the point where the road turns southeasterly to the southern boundary of the tract of land, or Cedar Avenue, according to Exhibit "B" of the bill, the road was called "Riverside Drive." Running through "Panama Park" in a northerly course is the Seaboard Air Line Railway track, and paralleling this track on the east side is Park Avenue, which intersecting Main Street at the point where the latter crosses the railroad track runs into Lawton Avenue.

In February, 1906, the Board of County Commissioners of Duval County, accepted a proposition made by G. W. Clark, adopted the following resolution:

"Whereas George W. Clark is the owner of certain property known as Panama Park, through which there is a county road running westerly and southerly from the northeast corner of said tract of land and winding around until the said road runs into or connects with the shell road known as Park Avenue; and

"Whereas the County Commissioners are desirous of shelling the road leading up to and through said property of George W. Clark, but find that to pave the said road as now laid out with shell, will incur a large outlay of money; and

"Whereas the said George W. Clark has offered to open, grade for paving and convey and dedicate to the County of Duval a road fifty (50) feet in width from a point beginning where the present road intersects the said northeast corner of his said Panama Park Tract and extending in a southerly direction to Lawton Avenue, provided the County Commissioners will change the said

road as now laid out through his said land and vacate and discontinue the same as a county road; and

"Whereas the County Commissioners have personally gone upon and examined the said land and roads and believe it is for the best interest of the County of Duval and of all of the citizens thereof that the said old road be changed and discontinued and said new road running on a direct line from the northeast corner of said George W. Clark's land to Lawton Avenue be established as a County Road:

"Therefore Be it Resolved by the County Commissioners of Duval County, Florida, that the county road now running through the land of George W. Clark, known as Panama Park, from the northeast corner of said tract of land and winding in a westerly and southerly direction until the same connects with Park Avenue, and marked 'A' upon the plat attached hereto, be and the same is hereby abandoned, vacated and discontinued as a County Road.

"Be it Further Resolved by the said Board of County Commissioners of Duval County, Florida, that a certain strip of land fifty (50) feet in width and extending from a point where the present county road intersects the northeast corner of the land of said George W. Clark (known as Panama Park tract) through the said land of the said George W. Clark in a southerly direction until the same intersects with Lawton Avenue, and marked 'B' upon the plat attached hereto, be, and the same is hereby established as a county road."

After the passage of the resolution the Panama Investment Company, or George W. Clark closed "Riverside Drive" by erecting a fence across each end.

Thus matters stood until April, 1913, when accord-

ing to the bill of complaint the County Commissioners adopted the following resolution:

"Whereas, under date of February 28th, 1906, the following resolutions were adopted by the Board of County Commissioners:

" 'Whereas, George W. Clark is the owner of certain property known as Panama Park, through which there is a county road running westerly and southerly from the northeast corner of said tract of land and winding around until the said road runs into or connects with the shell road known as Park Avenue; and

" 'Whereas the County Commissioners are desirous of shelling the road leading up to and through the said property of George W. Clark, but find that to pave the said road as now laid out with shell, will incur a large outlay of money; and

" 'Whereas the said George W. Clark has offered to open, grade for paving and convey and dedicate to the County of Duval, a road fifty (50) feet in width from a point beginning where the present road intersects the said northeast corner of his said Panama Park tract, and extending in a southerly direction to Lawton Avenue, provided the County Commissioners will change the said road as now laid out through his said land and vacate and discontinue the same as a county road; and

" 'Whereas the County Commissioners have personally gone upon and examined the said land and roads and believe it is for the best interests of the County of Duval and all of the citizens thereof that the said old road be changed and discontinued and said new road running on a direct line from the northeast corner of said George W. Clark's land to Lawton Avenue be established as a County Road.

" 'Therefore be it Resolved by the County Commissioners of Duval County, Florida, that the County Road now running through the land of George W. Clark, known as Panama Park, from the northeast corner of said tract of land and winding in a westerly and southerly direction until the same connects with Park Avenue, and marked 'A' upon the plat attached hereto, be, and the same is hereby abandoned, vacated and discontinued as a County Road.

" 'Be it further resolved by the said Board of County Commissioners of Duval County, Florida, that a certain strip of land fifty (50) feet in width and extending from a point where the present County Road intersects the northeast corner of the land of said George W. Clark (known as Panama Park) through the said land of the said George W. Clark in a southerly direction until the same intersects with Lawton Avenue, and marked 'B' upon the plat attached hereto, be, and the same is hereby established as a County Road.'

"And, Whereas Chapter 4338 of the Laws of 1895, was then in force and required among other things that no public road could be changed except on application to the County Commissioners, which application should be made by petition duly signed by citizens who were free-holders living in the vicinity of the road sought to be established or changed. And said statute requires that the County Commissioners shall issue an order to three disinterested free-holders in the county to view and mark out the best route for the said proposed road.

"And whereas the said statute further requires that the County Commissioners, after the report of the said three persons, shall make an order changing the said route after giving thirty days' notice thereof by posting

such notice at the Court House and at some public place nearest the road sought to be changed.

"And whereas the said provisions of the statute were not complied with.

"Therefore, be it resolved by the County Commissioners of Duval County, Florida, that the county road extending from approximately the south end of the county bridge over Trout Creek, in a southeasterly direction along the south shore of said Trout Creek for a distance of 3500 feet until it connects with the County Road which follows the shore of said creek, has never been lawfully discontinued.

"Further resolved that the said road be opened to traffic.

"Further resolved that the Chairman of this Board, the Attorneys for the Board, and the County Surveyor and County Solicitor are hereby instructed to take such steps as may be necessary to open up such road for the use of the public.

"Further resolved that a copy of these resolutions be sent to the Panama Investment Company of Jacksonville, Fla., and a copy thereof be sent to George W. Clark, Jacksonville, Fla."

Upon the refusal of the defendants to remove the obstructions which had been erected by them across Riverside Drive, this suit was instituted.

The answers of the defendants contained a demurrer to the bill for want of equity and set up by way of pleas, that neither the plaintiffs, their ancestors, predecessors nor grantors were seized or possessed of the premises in question within seven years before the commencement of the action; that for more than seven years prior to the comencement of the suit the defendants had effectively

VOL. 70, JUNE TERM, 1915. 621

Panama Inv. Co. et al. v. Ricker et al., Co. Com.—Opinion of Court.

and against all persons barred and closed the way sought to be opened, under claim on the part of the defendants of a right exclusive of any other right and that the Panama Investment Company was a purchaser of the property from George W. Clark for a valuable consideration and without notice of the title or claim of the complainants and that at the time of the purchase the road sought to be opened was not in the enjoyment of any person whomsoever, nor was there upon the ground any indication of any such enjoyment or right thereto. The answer also attacked Chapter 4338 Laws of Florida, 1895, entitled "An Act to Provide for Establishing, Working and Repairing and Maintaining the Public Roads and Bridges of the Several Counties of this State and to Provide Penalties for Failure thereof," as unconstitutional and void.

Exceptions filed by the complainants to these and other portions of the answers were sustained, hence this appeal.

The exceptions should have been overruled. The suit should have been brought in the name of the county. The matter involved was one in which the defendants had the right to have the county before the court and a party to the record so that it would be bound by the decree rendered. The County Commissioners had no authority to bring the suit in their names as such. Section 773 General Statutes of 1906, requires the County Commissioners to sue in the name of the county of which they are commissioners. See Patrick v. Robinson, 83 Ala. 575, 3 South. Rep. 694; Cole County v. Dallmeyer, 101 Mo. 57, 13 S. W. Rep. 687; De la Garza v. Bexar Co., 31 Texas 484; 7 R. C. L. "Counties" §40. Having no authority to bring the suit in their representative capacity,

there is nothing left but to treat the suit as one brought by the persons named individually.    This, defendants seem to have done, by interposing defenses which, considering the suit as one brought by the persons named individually, were certainly material to the defendants' case.

The order is reversed.

TAYLOR, C. J. and SHACKLEFORD and WHITFIELD, JJ. concur.

COCKRELL, J., absent by reason of sickness.