In this suit in the chancery court, instituted by the Board of Public Instruction of Broward County against the City of Fort Lauderdale and some of its citizens and taxpayers, a declaratory decree was sought determining the authority of the municipality to sell to the board a tract of land eventually to be used as a site for a school. After considering the special master's report, the chancellor concluded that power was reposed in the city to convey the property in the manner disclosed in the record, and it is from this decree that an appeal was taken.
In the bill of complaint it was alleged that the defendant city represented that its power so to convey derived from paragraphs (g) and (h) of Section 2 of Article III of Part 1 of the city charter, Chapter 24514, Special Acts of 1947, and Section 167.28, Florida Statutes 1941, and F.S.A. These laws are said by the appellees amply to support the chancellor's decree, and they now advance that portion of the city charter designated Subsection (3) of Section 1 of Article III of Part 1 to bolster their position.
In the hope that we may clarify somewhat the rather complex situation, we shall discuss these four statutory provisions in different order from that in which we have set them out.
In the first place, Section 167.28 may be eliminated from further consideration because it simply provides that a city council may establish public schools and provide for their maintenance, and we do not think the facts in this case may be construed as an effort on the part of the City of Fort Lauderdale to establish a school or to maintain one.
We proceed now to a consideration of paragraphs (g) and (h), supra. The chancellor lumped the two and decided that they, combined, governed the instant transaction, which he designated "a contract between the City of Fort Lauderdale and a public subdivision or agency of the State of Florida, in order to induce the construction of * * * a public school, which the City Commission * * * has deemed advisable, beneficial and to best interest" of the city. After a careful analysis of the two paragraphs we are unable to agree that they may be so united or that either may be construed as authority for the transaction in question as it was attempted to be effectuated. The first one appears under the title "Authority to Contract with the United States, State or County", and we find that under it the city is empowered to contract "with the State of Florida or any of its subdivisions * * * to acquire property * * * for any municipal purpose, and to sell * * * same for the benefit * * * of said City." Obviously the provisions do not refer to a sale to the state or a subdivision, but only to the acquisition of propertyfrom such a source, and so far as we can determine from the language, a sale of such property may be made to anyone at all so long as it is to the advantage of the municipality. It is well to bear in mind this last provision, with reference to disposition of the property, because we shall have to deal *Page 714 
with it again in discussing Subsection (3) of Section 1 of Article III of Part 1, supra.
Paragraph (h), supra, bears the title "To Convey to United States or State of Florida", and here the city is granted the power to "acquire real estate * * * by purchase, gift, devise, condemnation or otherwise, for the purpose of giving, granting or conveying the same to * * * the State of Florida, or any lawful * * * subdivision thereof, whenever the City Commission * * * shall deem it * * * beneficial * * *, or in order to induce the construction of public institutions * * *." (Emphasis supplied.) We are not concerned with the reasons entertained by the law makers for the language that we have italicized, but giving it the effect to which it is entitled, Voorhees v. City of Miami, 145 Fla. 402, 199 So. 313, and bearing in mind the strictness with which we must construe statutes granting power, City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521, so that any doubt with reference to the power shall be resolved against the municipality, City of Daytona Beach v. Dygert, 146 Fla. 352, 1 So.2d 170, 133 A.L.R. 1237, we can only reach the conclusion that that section relates to the transfer to the government, or one of its agencies, of property intended to be so transferred at the time it was acquired. It would not be relevant here, for the property in question had been owned and used by the City of Fort Lauderdale for several years before the act was ever passed.
It seems to us that the city must find its authority for the sale in Subsection (3) of Section 1 of Article III of Part 1, providing for the acquisition of property and for the disposition of it "in the manner provided in this Charter", whether the sale be to the government, or one of its agencies, or to any other grantee, and the "manner provided" is set out in Sections 1 to 4 of Article III of Part 12, where it is required that a resolution be adopted at a regular meeting, describing the property and setting out why it is no longer needed by the city. Procedure to be followed for advertising the property for sale, for the entertainment of protests or objections to the sale by taxpayers and electors, and so on is there set out in minute detail, evidently so that the city may receive full compensation for its property.
The record in this case does not reveal that the city adhered to this procedure in its attempt to dispose of the land in question to the Board of Public Instruction of Broward County. It may well be that the council felt that the interest of the city would be better served by selling the property to the board for a site for a public school, but regardless of any high motive they may have had, the cold fact remains that unless they purchased the property for the very purpose of transferring it to the board of public instruction, they had no authority to sell it without conforming to the restrictions and limitations for the sale of property to grantees generally, even though to follow such procedure might invite bids of amounts beyond that which the board of public instruction was prepared to pay.
This conclusion precludes the necessity of deciding the other matters, which are incidental, but we might observe that we are unimpressed by the argument of the appellees that the question presented by the appellant has now become moot because of the passage of Chapter 25831, Laws of Florida, Special Acts of 1949. Even if this act were given a retrospective effect, still the record does not indicate that any attempt was made by the city to follow the requisite steps outlined in that law to effect a sale of property to public bodies.
Reversed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur. *Page 715