SHANNON, Chief' Judge.
The defendants bring this appeal from a decree of foreclosure eñtered below. The appellees were the plaintiffs in the lower court.
On August 13, 1959, one of the defendants below, Sunny Lakes Development Corp., executed a mortgage on a parcel of land it owned to the Sarasota Federal Savings and Loan Association for $10,000.-00. This mortgage was recorded. Defendants Carr entered into a contract to buy the said property from Sunny Lakes on January 6, 1960. In addition to a payment of some $2,800.00 in cash, the contract provided for a total purchase price of $14,300.00, and also provided for an existing or new mortgage in the sum of $11,-500.00, and further that the transaction would be closed on or before January 15, 1960. The Carrs entered into possession of the property about January 11, 1960. No closing was ever had under this contract and title was never conveyed by Sunny Lakes to the Carrs. On March 14, 1960, Sunny Lakes delivered to the plaintiff a noté for $11,200.00, secured by a mortgage on the said property. This figure represented a $1,200.00 increase in the amount of the original indebtedness. A satisfaction of the prior mortgage on the said property was recorded on March 15, 1960. At the same time the mortgage given on March 14, 1960, was recorded. No payments were made on either of the notes' or mortgages and the plaintiff filed a complaint for foreclosure on October 7, 1960. The Carrs answered and a decree pro confesso was entered against Sunny Lakes for failure to plead. Thereafter, the Carrs counterclaimed against the plaintiff and cross-claimed against Sunny Lakes for the foreclosure of a vendee’s lien. Various depositions and affidavits were filed herein, together with motions for summary decree, as a result of which the chancellor entered a final decree of foreclosure for the plaintiff. The Carrs on their appeal have asserted three points, but for the purpose of this *644 decision we will treat all three as one point, which is: Whether or not the Carrs have a vendee’s lien on the property superior to the mortgage of the plaintiff bank. By his decree, the chancellor foreclosed the plaintiff’s mortgage, but made no ruling on the Carrs’ cross-claim against the defendant, Sunny Lakes.
The facts in the case distinctly point out that when the Carrs entered into the contract to purchase providing for a mortgage of $11,500.00, the plaintiff only had at that time a $10,000.00 mortgage of record. It does not appear that after the Carrs went into possession and the original mortgage was satisfied and another one immediately executed and put on record, they were thereby prejudiced. The Carrs contracted to purchase the premises subject to an $11,500.00 mortgage, and in their affidavit filed in opposition to plaintiff’s motion for summary decree it is plainly made to appear that the Carrs received a $300.00 credit subsequent to the execution of the contract which left to be obtained a mortgage in the amount of $11,200.00. Under the particular facts of the instant case it does not appear to this court that error was committed below in the finding that the lien of the bank’s mortgage is superior to the vendee’s lien of the Carrs. Irrespective of whether we hold the Carrs to constructive knowledge of the $10,000.00 mortgage at the time they signed the contract, or whether the mortgage for $11,200.00 executed on March 14, 1960, was but a portion of a contract which they had signed, we think the Chancellor was correct. The general subject is treated in 8 Thompson on Real Property, at Sec. 4534, which reads:
“Sec. 4534 (4263). Renewal or substitution of mortgages as giving priority to intervening judgments or mortgages. — Whether a second mortgage between the same parties and upon the same lands given upon the release or cancellation of the first is taken merely as a renewal or in payment and satisfaction of the first mortgage depends largely upon the intention of the parties. Where the intention of the parties is simply to make a renewal and extension of the old debt, and the satisfaction of the old mortgage and the taking of a new one are practically simultaneous acts or parts of the same transaction, the taking of the second mortgage is not considered an ex-tinguishment of the first, but a renewal thereof, and does not give priority to intervening judgment or mortgage creditors of the mortgagor, especially where the renewal of substitution is made in good faith, without notice of tlie intervening lien, and without any intention to release the original lien. * * * ”
In Federal Land Bank of Columbia v. Godwin, 1933, 107 Fla. 537, 136 So. 513, 145 So. 883, it is stated:
“The record discloses that the mortgage and note of December 30, 1927, was given as a renewal or extension of the mortgage and note of July 13, 1926, and was so intended by the parties thereto. Both mortgages were between the same parties, covered the same lands, were for the same amounts, except as to accrued interest and costs, which were included in the new mortgage, and the giving of the new and attempted discharge or satisfaction of the old mortgage were parts of the same transaction. Under such circumstances the renewal mortgage of December 30, 1927, was well within the rule as above announced, and retained its position of priority over the Alderman mortgage.
“Since the renewal mortgage retains its position of priority over the Alderman mortgage, and this suit was brought to foreclose the mortgage of August 28, 1928, should the appellant be subrogated to the rights of the First National Bank of Perry as *645 against Alderman, the holder of the second or intervening mortgage?”
In holding that the satisfaction of the mortgage was a part of the same transaction the court relied upon Thompson as authority, and cited an early edition thereof.
No valid reason is shown by the defendants why the above rule should not be applied under the circumstances of the instant case. We have studied the entire record and can see no error therein. We, therefore, affirm without prejudice to Appellants Carr to further pursue any remedy they may have against Sunny Lakes Development Corp.
SMITH and WHITE, JJ., concur.