LILES, Chief Judge.
The appellant, Ralph A. Erickson, entered into a contract with Sarasota County whereby he was to perform certain services. A dispute arose involving payments made pursuant to that contract. On July 19, 1967, the court entered judgment for the Board of County Commissioners of Sarasota County in the amount of $2,248.84. On September 6, 1967, on motion of the appellee, Board of County Commissioners, the court awarded appellant Erickson the amount of $1,-571.30 on his counterclaim and then consolidated the two awards by entering a judgment in favor of the appellee in the amount of $677.54. The appellant is appealing from the two judgments entered in favor of ap-pellee, Board of County Commissioners of Sarasota County.
The complaint, motion, and judgments in issue are styled “Board of County Commissioners of Sarasota County, Florida, plaintiff, vs. Ralph A. Erickson, defendant.” On appeal, appellant contends that the judgments complained of must be reversed since the suit was not brought in the name of Sarasota County.
Florida Statute Section 125.15, F.S.A., provides “The county commissioners shall sue and be sued in the name of the county of which they are commissioners. * * * ” See also Singleton v. Knott, 1931, 101 Fla. 1077, 133 So. 71; 8 Fla.Jur. Counties, Section 119.
In Panama Inv. Co. v. Ricker, 1916, 70 Fla. 614, 70 So. 596, the Supreme Court was interpreting Section 773, General Statutes 1906, which is very similar to Section 125.-15. Section 773 stated: “The county commissioners of the several counties shall sue and be sued in the name of the county of which they are commissioners.” The county commissioners, in Ricker, brought suit listing themselves as individuals comprising the County Commissioners of Duval County. The Court stated at page 598:
“The suit should have been brought in the name of the county. The matter involved was one in which the defendants had the right to have the county before the court and a party to the record, so that it would be bound by the decree rendered.[1] The county commissioners had *341 no authority to bring the suit in their names as such. Section 773, General Statutes 1906, requires the county commissioners to sue in the name of the county of which they are commissioners. See Patrick v. Robinson, 83 Ala. 575, 3 So. 694; Cole County v. Dallmeyer, 101 Mo. 57, 13 S.W. 687; De la Garza v. Bexar Co., 31 Tex. 484; 7 R.C.L. ‘Counties,’ § 40. * * * ”
Admittedly, in the instant cause suit was brought in the name of the Board of County Commissioners and not, as in Ricker, as individuals comprising the Board of Commissioners. However, we believe this distinction is without import, and under the authority of Section 125.15 and Ricker we believe the judgments complained of must be reversed.
Reversed.
ALLEN and PIERCE, TT., concur.

. It should be noted that in the instant case the contract was between Sarasota County and the appellant, and the Board of County Commissioners was not a party to the contract.