ERVIN, Judge.
Trustees of the Alachua General Hospital appeal a final summary judgment entered in favor of Mr. and Mrs. Lindsley on the basis of the running of the statute of limitations. The trustees filed suit on behalf of Alachua General Hospital on December 31, 1975, alleging that Margaret Lindsley was admitted for treatment at the hospital on November 20, 1966, and that defendants had incurred charges for treatment in the amount of $3,938.38, together with accrued interest. We reverse.
Both parties agree that if the state or a county were not involved, the action, founded upon a written contract, was required to be commenced within five years. Section 95.11(2)(b), Florida Statutes (1975). The *818 trustees answer that since the action was brought on behalf of a county maintained hospital, it is not barred from bringing suit, citing Section 95.02, Florida Statutes (1973), which provided:
“This chapter shall not apply to any action by the state ... or any county or municipal corporation . . . *819 “The board of county commissioners, at any legal meeting, may elect one of their member chairman, and make such orders concerning the care of and the improvement of the corporate property of the county as may be deemed expedient, and also:
*818 Section 95.02 was repealed, effective January 1,1975, by Ch. 74-382, Laws of Florida. However Ch. 74-382, § 36, contained a savings clause providing that any action which would be barred when the act became effective could be commenced before January 1, 1976 and still be maintained. The Board therefore argues that since its action was brought on December 31, 1975, there is no bar. The Lindsleys respond that Section 125.15, Florida Statutes (1975), which states that “The county commissioners shall sue and be sued in the name of the county of which they are commissioners . . provides the exclusive means by which a county can maintain an action and since no action was brought directly in the name of Alachua County, it cannot be brought by the trustees on the county’s behalf. They rely specifically upon Panama Inv. Co., et al. v. Ricker, 70 Fla. 614, 70 So. 596 (1916) and Erickson v. Board of County Commissioners of Sarasota County, 212 So.2d 340 (Fla. 2nd DCA 1968) in support of their position.
Both cases are easily distinguishable from the one now on review. Both cases represented situations where the commissioners sought to maintain an action in their representative capacity as commissioners directly on behalf of the county without naming the county. In Ricker the Duval County Board of Commissioners brought an action to remove an obstruction from a public road. In Erickson the Board of Commissioners of Sarasota County filed suit on a personal service contract. In neither case had a specially created board — as here — been delegated specific powers over a county maintained institution.
The Lindsleys also rely upon Chapter 155 of the Florida Statutes, pertaining to the establishment and operation of county hospitals. They state there is nothing in either Chapter 155 of the Florida Statutes or the special act delegating authority to the Board to bring a legal action on behalf either of Alachua General Hospital or Ala-chua County. Alachua General Hospital was created by a special act of the legislature in 1925, Ch. 10311, Special Acts (1925). In 1959, Chapter 59-1046, Special Acts (1959), authorized the Alachua Board of County Commissioners to appoint trustees for the Alachua General Hospital. The trustees in turn were given certain powers by the act necessary to operate and maintain “a county public hospital.”
Section 155.12, Florida Statutes (1975), moreover, grants to hospital trustees the power to “carry out the spirit and intent of this law in establishing and maintaining a county hospital.” We note that Chapter 59-1046 also empowers the trustees to “carry out the spirit and intent of this law in operating and maintaining a county public hospital.” Among the powers granted to the trustees by Chapter 59-1046 includes the power authorizing them to “assume complete authority for the operation and maintenance of Alachua General Hospital, thereupon relieving any and all other persons and boards from such authority, and replacing them in such capacity.” Statutory powers expressly conferred carry with them all consistent powers which are necessary to the effectual execution of the powers so conferred. McNeill v. Pace, 69 Fla. 349, 68 So. 177 (1915); Re: Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952). Cf. Alsop v. Pierce, 155 Fla. 185, 19 So.2d 799 (1944). Obviously if the Board is given authority to operate and maintain a county public hospital, it necessarily must also have the requisite authority to bring suit on behalf of the county when necessary in order to carry on the effective operation of the hospital.
Another distinction should be mentioned. Section 125.15 should be read in pari materia with Section 125.01(1)(b), Florida Statutes (1975). Section 125.01(3), Florida Statutes (1969), provided as follows:
*819 ‡ jfc S{! $ ¡ft
(3) To represent the county in the prosecution and defense' of all legal causes.”
After the decisions in Ricker and Erickson were decided, the legislature in 1971, enacted Ch. 71-14, § 1, Laws of Florida, resulting in an amendment to Section 125.01(2), which is almost identical to Section 125.-01(l)(b), Florida Statutes (1975), providing in part:
“Powers and Duties — The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include but shall not be restricted to, the power to:
Ht * H> ♦ % sfs
(2) [to] provide for the prosecution and defense of legal causes in behalf of the county or state and retain and set the compensation of counsel; . . . .” (Emphasis supplied.)
The delegation of power from the legislature to the county commissioners thus authorized the commissioners to maintain an action on behalf of the county in a manner not inconsistent with general or special law. As previously observed, Chapter 59-1046, by grant of general power, authorized the Board to bring actions on behalf of Alachua General Hospital.
The Lindsleys argue that the allegations in the trustees’ complaint, when considered together with the exhibits attached, do not allege ultimate facts sufficient to invoke the jurisdiction of the circuit court. We previously denied the Lindsleys’ motion to dismiss the appeal based upon lack of jurisdiction. As we stated in the order on rehearing, the jurisdictional question was not presented to the trial court and such issue was “a question of fact to be resolved by the trial court whether the agreement of appellees to accept financial responsibility for all charges incurred applies only to those charges incurred subsequent to November 20, 1966, or applies to all charges, both past and present, incurred by appel-lees.” Our order did not foreclose to the appellees the right to determine by appropriate discovery whether the jurisdictional amount alleged had been established.
The final summary judgment is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
MILLS, J., concurs.
BOYER, Acting C. J., concurs specially.