Ernest Ellison Auditor General Tallahassee
QUESTION:
Pursuant to s. 230.754(2)(d), F. S., Rule 6A-14.247(7), F.A.C., and such other statutory and regulatory provisions as may be applicable, may a board of trustees of a community college enter into a contract with an educational institution or agency of a foreign government for the purchase of an exclusive copyright license and the right to use, distribute, and sell a videotape educational series in the United States or its territories and possessions?
SUMMARY:
The board of trustees of a community college does not possess authority to enter into a contractual arrangement for the purchase of an exclusive copyright license and the right to use, distribute, and sell a videotape educational series in the United States or its territories and possessions, or to enter into such a contractual arrangement with an agency or educational institution of a foreign government.
You state that in conducting your most recent postaudit of Miami-Dade Community College you became aware that the college had entered into a contract with `an educational institution of the British Government,' called `the Open University,' for the purchase of an exclusive copyright license and right to use, distribute, and sell a videotape educational series in the United States or its territories and possessions. You question the authority of the community college to enter into a contract with an agency of a foreign government.
To begin with, public officers may exercise only such powers as are expressly granted to them by statute, plus such implied powers as are necessary in order to carry the expressly granted powers into effect. E.g., In re Advisory Opinion to the Governor,60 So.2d 285, 287 (Fla. 1952); Edwards v. Lindsley, 349 So.2d 817,818 (1 D.C.A. Fla., 1977); and AGO 077-85.
Section 230.754(2)(e), F. S. 1977, provides in general terms for the duties and responsibilities of the boards of trustees of the respective community colleges:
 The board of trustees shall perform those duties and exercise those responsibilities which are assigned to it by law or by regulations of the state board and in addition thereto those which it may find necessary for the improvement of the community college.
The power to contract is `assigned to the board of trustees' by s. 230.754(2)(d), F. S. 1977, which provides in pertinent part as follows:
 The board of trustees shall constitute the contracting agent of the community college. It may when acting as a body make contracts, sue, and be sued in the name of the board of trustees . . . .
The power to contract granted by the above-quoted provision, like the other general powers granted to the boards of trustees of the community colleges under s. 230.754(2), was given to the boards of trustees in order to aid them in carrying out their responsibility for the operation of their respective community colleges, a responsibility imposed upon them by the terms of s. 230.754(1):
 Community college boards of trustees are vested with the responsibility to operate their respective community colleges and with such necessary authority as may be needed for the proper operation thereof in accordance with regulations of the state board. (Emphasis supplied.)
In other words, the boards of trustees of the community colleges possess, `under statutes and other rules and regulations of the[S]tate [B]oard [of Education], . . . all powers necessary and proper for the governance and operation of the respective community colleges.' [Section 230.753(2)(a), F. S. 1977; emphasis supplied.] See AGO 072-319 in which it was concluded that neither district school boards nor community college boards of trustees were authorized by law to appoint students to membership on their respective boards as nonvoting advisors, on the ground that no statute or regulation existed which would permit such appointments, and that, `[a]s administrative authorities, or agencies, these boards have only that authority and those duties prescribed by statute and rules, regulations or standards which may be adopted by the State Board of Education.' Cf. Phillips v. Santa Fe Community College, 342 So.2d 108, 110 (1 D.C.A.), app.dismissed, 345 So.2d 426 (Fla. 1977), wherein the court noted at p. 109 N. 1 that although `the school code places contract authority at the operating level — in the case of each community college, with its district Boards of Trustees,' dismissal from a continuing contract of employment, which was at issue in that case, is subject to administrative review pursuant to a rule promulgated by the State Board of Education, and that, pursuant to s. 229.041, F. S., the regulations of the State Board of Education implementing the Florida School Code `have `the full force and effect of law." See AGO 078-56, wherein I concluded in pertinent part that part II, Ch. 230, F. S., does not appear expressly or by necessary implication to authorize a community college district board of trustees to employ law enforcement officers, as defined in s. 943.22(1)(b), F. S. 1977, possessing the authority to bear arms and make arrests, so that the members of said community college district's campus security department could not be said to fall within the definitional purview of s. 943.22(1)(b).
Rule 6A-14.247(7), F.A.C., promulgated by the State Board of Education and regulating the boards of trustees of community colleges with respect to the several types of individuals and entities with which said boards of trustees may validly contract, provides as follows:
 6A-14.247. POWERS AND DUTIES OF BOARD. The board acting as a board shall exercise all powers and perform all duties listed below:
 (7) Contractual agreements. Enter into contractual agreements with the federal government or any of its departments or designated agencies; other institutions, departments, agencies, districts or political subdivisions of the state of Florida and other states of the United States; and private individuals, organizations and corporations; provided, that such agreements are to the best interests of the college. Information concerning such contracts shall be submitted to the division when requested by the director.
The above-quoted rule implements s. 230.754(1) and (2), supra. It was promulgated under the State Board of Education's general power to prescribe policies, rules, regulations, and standards for the state system of public education (see s. 229.053(1), F. S. 1977) and under its power to prescribe minimum standards for community colleges, a power granted by the terms of s. 230.755, F. S. 1977, which provides in pertinent part as follows:
 The state board shall prescribe minimum standards . . . which will assure that the purposes of the community college are attained.
Although Rule 6A-14.247(7), F.A.C., contains no reference thereto, it should be pointed out that s. 230.768, F. S. 1977, provides in pertinent part that `[a]ll funds accruing to the benefit of the community college shall be . . . expended in accordance with rules and regulations of the state board.'
None of the powers of the boards of trustees of the respective community colleges granted and delimited by the aforementioned statutes and rule, by any other section of part II, Ch. 230, F. S., or by any other rule promulgated by the State Board of Education appears to authorize said boards of trustees to purchase copyrights or copyright licenses for the purpose of distributing certain products and selling those products to educational institutions or others for educational training programs in the United States or its territories or possessions. In order for public officers to validly exercise a power, the authority for such exercise must affirmatively appear from the express language of a statute or as a necessary incident to such express powers.See, e.g., Martin v. Board of Public Instruction, 42 So.2d 712,713-14 (Fla. 1949); George Babcock, Inc. v. Board of Public Instruction, 140 So.2d 644, 644-45 (Fla. 1932); and Trustees of Special Tax School Dist. No. 1 v. Lewis, 57 So. 614, 615 (Fla. 1912). Further, all express and implied prohibitions upon the exercise of express or implied powers should be taken into account in determining whether such powers may validly be exercised in a given case. See, e.g., Martin County v. Hansen, 149 So. 616, 617
(Fla. 1933), wherein the court stated that `the implied prohibitions of law are as effective as express prohibitions'; see
State ex rel. Arthur Kudner, Inc. v. Lee, 7 So.2d 110, 113-14
(Fla. 1942), and cf. Brown v. City of Lakeland, 54 So. 716, 717
(Fla. 1911).
Section 230.768, supra, provides in pertinent part that funds accruing to the benefit of a community college `shall be . . . expended in accordance with rules and regulations of the [S]tate [B]oard [of Education].' Where the contractual powers of public officers are limited by statute or by authorized or valid rules or regulations, contracts entered into by public officers which go beyond such limitations are unauthorized and invalid, regardless of any benefit which might accrue to the public were such contracts to be enforced. See, e.g., Martin v. Board of Public Instruction, supra, and National Bank v. Duval County, 34 So. 894,895 (Fla. 1903), wherein the court affirmed a judgment in favor of the defendant county invalidating an agreement made by the county to pay interest on county warrants presented for payment but refused for lack of funds. The court reasoned as follows:
 While the contract made with plaintiff may have been wise from a business point of view, tending, as it did, to sustain the credit of the county, we have been unable to find a statute granting the power to make it, or granting any other power from which we can clearly imply the one here attempted to be exercised.
Rule 6A-14.247(7), supra, contains no reference to agencies or educational institutions of foreign governments. In construing the terms of administrative rules, regulations, and standards, the rules used in statutory construction are applicable. 1 Fla. Jur.Administrative Law s. 97; see State v. Atlantic Coast Line R.,47 So. 969, 980 (Fla. 1908), in which the court sought to determine whether an administrative rule or regulation was penal in character, stating as follows:
 In determining whether a statute is penal in the strict and primary sense, a test is whether the injury sought to be redressed affects the public. . . . The same principle should apply to rules and regulations made pursuant to a statute. (Emphasis supplied.)
One rule of statutory construction, known by the descriptive phrase expressio unius est exclusio alterius, sets forth the general principle that, where a statute by its own terms enumerates the things upon which it is to operate, it excludes from its operation all things not expressly mentioned. E.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); and In re Estate of Ratliff,188 So. 128, 133 (Fla. 1939). Applying that rule of construction to Rule 6A-14.247(7), supra, I conclude that the board of trustees of a community college is not authorized to enter into any contractual arrangement with an agency or institution of a foreign government for the purchase of an exclusive copyright license and the right to use, distribute, and sell a videotape educational series in the United States or its territories or possessions. Cf. AGO 078-20 in which it was concluded that state agencies were without statutory power to enter into indemnification contracts as a subgrantee of federal funds under the Federal Comprehensive Employment and Training Act of 1973, and in which it was stated that no law had been found authorizing the state agencies.
 . . . to bind the state by entering into an indemnification contract as a subgrantee of any federal funds, let alone federal funds disbursed under the Federal Comprehensive Employment and Training Act of 1973. (Emphasis supplied.)
Your question is answered in the negative.
Prepared by: Sharyn L. Smith, Assistant Attorney General
Dennis J. Wall Legal Research Assistant