Thomas E. **VINES and Drucilia Vines, his wife, Plaintiffs,**

v.

Cecil **ANDRUS, et al., Defendants.**

No. 80–1867–CIV–EBD.

United States District Court, S. D. Florida.

Dec. 15, 1981.

Celeste Hardee Muir, Miami, Fla., for plaintiffs.

Peter Koste, Miami Shores, Fla., for defendants.

## ORDER

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on review of final administrative action by the Department of the Interior, instituted by Plaintiffs who allege they were denied relocation benefits.

Plaintiffs claim that they were given property in the Big Cypress National Pre-

serve by the wife's parents, Mr. and Mrs. Joffery J. Redding, in 1974. They built a frame house on the land in 1975, as well as paid their proportionate share of real property taxes.

Government agents began negotiations to purchase the property in September 1978. It appears from the record that on November 1, 1978 Plaintiffs initially filed a deed dated October 23, 1978 to the property in question. On October 28, 1978 Plaintiffs along with the wife's parents signed the offer to sell the land, encompassing Plaintiffs' alleged property, to the Government for $30,000.00. The Government accepted the offer on December 27, 1978.

Plaintiffs subsequently submitted a claim for homeowner's replacement housing payment benefits under § 203(a)(1) of the Relocation Act. To receive benefits under the Act, a regulation of the Department of the Interior requires a claimant to "own and occupy" the land for not less than 180 days prior to the Government's initiation of negotiations to purchase. 42 U.S.C. § 4623(a)(1).

The Land Acquisition Officer denied the claim; the apparent reason being that the Plaintiffs filed the deed to the land after the negotiations had begun and, therefore, were not "owners" within the 180 days rule. Without having conducted a hearing, the Office of Hearings and Appeals affirmed.

Since the Agency's decision under the 180 days rule directly influenced the Plaintiffs' claim for relocation benefits, its decision is reviewable to ascertain if it is predicated on substantial evidence. 5 U.S.C. § 706(2); *Ledesma v. Urban Renewal Agency of the City of Edenburg*, 432 F.Supp. 564 (S.C.Tex.1977).

It appears from the record that the substantial evidence upon which the Agency relied was that there was no recorded deed to show ownership by Plaintiffs prior to the negotiation process to purchase the land. The Court finds two problems with this result. First, neither § 203(a)(1) of the Relocation Act, 42 U.S.C. § 4623(a)(1) nor 41 CFR §§ 114–50, 201(1)(r), which defines

an "owner", specifically requires any kind of written proof of a claimant's ownership in acquired land. Besides the relied upon evidence relates to a period of time which occurred beyond the 180 days rule, thereby making such evidence less substantial. Second, there is applicable law in Florida that provides an exception to the Statute of Frauds, validating oral gifts of land as alleged herein by the Plaintiffs. *Green v. Price*, 63 So.2d 337 (Fla.1953); *Edwards v. Lindsley*, 349 So.2d 817 (Fla.App.1977); 28 Fla.Jur.2d, Gifts § 32.

Therefore it is ORDERED AND ADJUDGED that the cause is hereby REMANDED for further findings of fact regarding whether or not the Plaintiffs received a valid gift of land in 1974, so as to satisfy the requirement of their being "owners" of the land not less that 180 days prior to the Government's commencement of the negotiations to purchase the land.